331 A.2d 440
**COMMONWEALTH of Pennsylvania**
v.
**Harry TWIGGS, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1974.

Decided Jan. 27, 1975.

Stephen A. Sheller, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., John H. Isom, Asst. Dist. Atty., A. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Harry Twiggs was arrested on January 5, 1972, for the murder of Thomas Cirwithian. Thrice a jury was empanelled to try Twiggs. The first jury could not reach a verdict, and the court declared a mistrial. Appellant's second trial also ended in a mistrial when appellant was wounded by a sheriff as he tried to escape from the courtroom. The third jury convicted appellant of first degree murder and the court sentenced him to life imprisonment. Appellant's trial counsel filed post-trial motions, which were denied. New counsel was appointed to represent Twiggs on appeal. This appeal ensued.[1]

In this appeal, Twiggs contends that his trial counsel was ineffective.[2] Because on this record we cannot resolve this claim, we remand to the trial court for further proceedings.

1. The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

2. The Commonwealth contends that appellant cannot raise this issue on direct appeal but must assert it is a PCHA proceeding. We have held that ineffective assistance of counsel should be raised on direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). Indeed, failure to raise on direct appeal a claim of ineffective assistance of counsel may in cases like appellant's bar appellant from raising this issue in a PCHA proceeding. See id.

Analysis of Twiggs's claim requires review of the Commonwealth's and defendant's conflicting versions of the facts. Gerald Bethea, the Commonwealth's eyewitness, related that the events leading to the shooting began on Christmas Eve, 1971, when appellant and a companion robbed certain personal belongings from the Philadelphia apartment of Thomas Cirwithian. Bethea, a friend of Cirwithian, was in the apartment at the time of the robbery. When Bethea told Cirwithian of the robbery, Cirwithian obtained a pistol from a friend and set out to locate the robbers. This venture proved unsuccessful. On New Year's Day, 1972, Cirwithian and Bethea, while driving through West Philadelphia observed Twiggs board a bus. They followed the bus and when appellant got off, Cirwithian left the car and confronted Twiggs. A scuffle resulted and both men drew their guns. As Cirwithian ran for his car, Twiggs shot at him. Twiggs chased Cirwithian to his car, overtook him and shot Cirwithian in the head at point-blank range.

Appellant's version of these events is materially different. Twiggs contends that after he left the bus, Cirwithian accosted him and threatened him with a drawn pistol. Twiggs attempted to disarm his assailant and, during this scuffle, the gun discharged. Appellant succeeded in taking the gun from Cirwithian. As Twiggs attempted to flee, he accidentally fired the gun a second time. The defense maintained that one of these two inadvertently fired shots killed the victim.

The only eyewitnesses to the shooting who testified were appellant and Bethea. Thus, determination of guilt or innocence turned largely on the credibility of these two witnesses. Appellant's defense, therefore, consisted almost entirely of an effort to impeach Bethea.

Appellant's claim of ineffective trial counsel is based upon trial counsel's failure to secure the testimony of Irving Gilmore. Appellant contends that Gilmore's testi-

mony would have discredited Bethea by contradicting Bethea's version of the events leading to the shooting.

An admitted drug peddler and convicted felon, Bethea was, at best, a suspect witness. He had already given the police two different versions of the events of January 1. On the stand his testimony varied significantly from his two prior statements. Appellant contends that attributing still another inconsistency to his story would have reduced Bethea's credibility in the jury's mind.[3]

Apparently, Twiggs's trial attorney shared this assessment. Gilmore was called as a defense witness at Twiggs's first trial. In the trial resulting in appellant's conviction, counsel again planned to call Gilmore as the only witness for the defense other than appellant. In an attempt to obtain his appearance, trial counsel mailed a letter to the witness and on two occasions dispatched investigators to locate him. Nevertheless, there is no record that trial counsel sought to subpoena the witness. Moreover, when Gilmore failed to appear, trial counsel sought only a short continuance, failed to request a bench warrant, and did not request that the notes of Gilmore's previous testimony be read to the jury.[4]

In determining whether counsel's failure to secure the attendance of the witness or to have the notes of his previous testimony read to the jury constituted con-

---

3.  Gilmore was also a convicted felon and for that reason was, like Bethea, less than an ideal witness.

4.  Act of May 23, 1887, P.L. 158, § 3, 19 P.S. § 582 (1964).
    "Whenever any person has been examined as a witness, either for the commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he become incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue; but, for the purpose of contradicting a witness, the testimony given by him in another or in a former proceeding may be orally proved."

stitutionally [5] ineffective assistance of counsel, we are guided by the standards established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). There we held that

> "counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis."

Id. at 604, 235 A.2d at 352.

If counsel's decision not to secure Gilmore's appearance or to have the notes of Gilmore's previous testimony read to the jury was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of this case, then that decision clearly had some reasonable basis designed to effectuate Twiggs's interests. In such circumstances, counsel's conduct would not constitute ineffectiveness. See *Commonwealth ex rel. Washington v. Maroney,* supra. Had counsel reached this decision on a basis designed to advance his client's interest, this case would be analogous to those situations in which, as a matter of trial strategy, counsel decides not to call a witness at all. See *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Owens,* 454 Pa. 268, 275, 312 A.2d 378, 382 (1973); *Commonwealth v. Karchella,* 449 Pa. 270, 296 A.2d 732 (1972); *Commonwealth v. Ellis,* 445 Pa. 307, 284 A.2d 735 (1971); *Commonwealth v. Hawkins,* 445 Pa. 282, 284 A.2d 730 (1971).

5.  Pa.Const. art. I, § 9: "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel  . . . ."
    U.S.Const. amend. VI: "In all criminal prosecutions, the accused shall enjoy the right  . . .  to have the assistance of counsel for his defence."

If, however, counsel's failure to seek compulsory process to obtain Gilmore's testimony or to have his prior testimony read to the jury was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.

■ We cannot determine from this record the basis for counsel's decision in this matter. We therefore vacate the judgment of sentence and remand for an evidentiary hearing to determine why counsel did not seek to assure the attendance of Gilmore or to offer his prior testimony in accordance with the Act of 1887 and to decide whether counsel's decision had some reasonable basis designed to effectuate his client's interests. If upon remand, this court decides that counsel's determination did not meet this standard, a new trial shall be awarded. If, however, trial counsel's assistance was not ineffective, the judgment of sentence shall be reinstated.

Following the hearing court's decision, the parties may appeal its order if they so desire. On that appeal, they may also raise any issues presented and undecided in the instant appeal.[6] *Commonwealth v. Strickland*, 457 Pa. 631, 326 A.2d 379 (1974); *Commonwealth v. Weeden*, 457 Pa. 436, 322 A.2d 343, 351 (1974), cert. denied, 420 U.S. 937, 95 S.Ct. 1147, 43 L.Ed.2d 414 (1975).

Judgment of sentence vacated and cause remanded for proceedings consistent with this opinion.

**6.** On the present appeal, appellant also alleges 1) that the evidence was insufficient to sustain the verdict of murder in the first degree and 2) that he has been deprived of a meaningful direct appeal by the lack of notes of testimony from a proceeding at which appellant's trial counsel asked to be excused from the case.