## Commonwealth v. Foster, Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Eric J. Cox, Bert M. Goodman,* and *Stewart J. Greenleaf,* Assistant District Attorneys, *Ross Weiss,* First Assistant District Attorney, and *William T. Nicholas,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 22, 1976:

We cannot determine from this record the appellant's claim of ineffective assistance of counsel, which depends in large part upon whether the pre-trial motions untimely filed by defense counsel were meritorious. We, therefore, vacate the judgment of sentence and remand

for an evidentiary hearing to determine the matter. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If upon remand the lower court determines that any of the pre-trial motions were meritorious and defense counsel rendered ineffective assistance by the untimely filing, a new trial shall be awarded. If, however, the motions shall be determined to lack merit or even though meritorious, defense counsel was not ineffective in his untimely presentation, the judgment of sentence shall be reinstated.

HOFFMAN, CERCONE, and SPAETH, JJ., would file the following order:

PER CURIAM:

We cannot determine from this record whether the pre-trial motions untimely filed by defense counsel were meritorious. We therefore vacate the judgment of sentence and remand for an evidentiary hearing to determine this matter. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If, upon remand, the court determines that any of the pre-trial motions were meritorious, a new trial shall be awarded because trial counsel was ineffective either for unjustifiably failing to file a meritorious motion, or for justifiably failing to file a meritorious motion but rendering inadequate representation in refusing to explain such justification to the trial court.