375 A.2d 181

**COMMONWEALTH of Pennsylvania**

v.

**Benjamin Kurt DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 22, 1976.

Decided June 29, 1977.

---

James R. Hevalow, First Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, and Grant E. Wesner, Deputy District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted by a jury of aggravated assault.[1] On this appeal he contends that his trial counsel was ineffective. Because this claim cannot be resolved on this record, we remand to the trial court for further proceedings.

At trial the Commonwealth witnesses testified as follows. On October 12, 1974, William Frick, general manager of Riggs Mobile Homes, went to the trailer rented to one Diane Hogue because he had received complaints that Ms. Hogue was renting out a room in her trailer without paying the required additional rent. Mr. Frick was accompanied by one Terry Fetterman, a co-worker and friend, who corroborated Mr. Frick's testimony. When the two men arrived at the trailer, the door was opened by a young woman who told them that she did not know where Ms. Hogue was. Appellant then came to the door. Mr. Frick identified himself, and told of the complaints that he had received regarding Ms. Hogue. They "mixed a few words" and Mr. Frick "got a little loud." N.T. 10. Mr. Frick was standing on the lower of two steps, which were made of loose cement blocks. Appellant pushed Mr. Frick off the steps, went back into the trailer, and locked the door. Mr. Frick picked up one of the cement blocks and "bumped" the door with it, causing the latch to break, the door to swing open into the trailer, and the block to land inside. N.T. 12. He entered the trailer and proceeded down a long hallway until he saw appellant standing there with a gun in his hand. Appellant and Mr. Frick conversed for three to five minutes, and then, when they were about three feet apart, "the gun went off and knocked [Frick] down." N.T. 19. Mr. Frick testified that between lunch and the time of the incident, which was about 5:30 p.m., he had had 6 to 8 cans of beer, but that the beer had not affected him. N.T. 62–63. He also testified that he had not carried a weapon.

Appellant's testimony, which was corroborated by the young woman who had answered the door, differed from Mr.

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 2702(a)(4).

Frick's as follows. When appellant came to the door, he noticed that Mr. Frick's eyes were bloodshot, his speech was slurred, and he was unsteady on his feet. Mr. Frick belligerently asked appellant to explain his presence at the trailer, and then "grabbed at" appellant, who turned and went back into the trailer, locking the door. N.T. 193. At no time did Mr. Frick identify himself. Once inside, appellant ran down the hall to make sure that the back door was also locked. While in the back of the trailer, appellant heard a "loud explosion" (the 25–30 pound cement block smashing the door and landing in the kitchen). He ran to his bedroom, got his gun, and was running out when he saw Mr. Frick moving towards him with a knife in his hand. Mr. Frick "went to grab for the gun and came up with the knife at the same time. I went backward to avoid his grabbing the gun and the darn thing went off." N.T. 194. Two witnesses for the defense testified that at 3:30 that afternoon, Mr. Frick had come to their trailer to lodge a complaint, and that he had appeared drunk; his eyes were bloodshot, his speech was fumbling, and he staggered as he walked. N.T. 214–225. At the time of the incident, appellant weighed 165 lbs., and Mr. Frick weighed approximately 270 lbs.

Appellant contends that his trial counsel was ineffective in that, other than demurring to the evidence, he failed to present the defense of self-defense either at trial or in post-trial motions.[2] At trial, appellant testified that the shooting had been accidental. However, the evidence also presented an arguable claim of self-defense.

In order to establish a claim of self-defense a defendant must prove three elements by a preponderance of the evidence:

(1) The slayer must have been free from fault in provoking or continuing the difficulty which resulted in the

2. Appellant's additional contentions of ineffectiveness—that counsel was ineffective for failing to introduce the shirt that Frick wore at the time of the incident, so as to rebut his testimony that it bore the words "Riggs Mobile Homes," and for failing to produce the knife that appellant testified Frick possessed, but which the police did not find—are frivolous.

killing . . . . (2) The slayer must have reasonably believed that he was in imminent danger of death, great bodily harm, or some felony, and that there was a necessity to kill in order to save himself therefrom . . . . (3) The slayer must not have violated any duty to retreat or avoid the danger . . . .

*Commonwealth v. Light,* 458 Pa. 328, 333, 326 A.2d 288, 291 (1974), quoting *Commonwealth v. Roundtree,* 440 Pa. 199, 204, 269 A.2d 709, 712 (1970) (citations omitted).[3] *And see* The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S. § 505(b)(2)(ii)(A).

■ Assuming *arguendo* that appellant was free from fault in provoking the fight, and even though he had no duty to retreat,[4] the questions of whether he reasonably believed that he was in imminent danger, and whether his chosen means of self-defense were not excessive, were for the fact-finder to decide. *See Commonwealth v. Edwards,* 448 Pa. 79, 292 A.2d 361 (1972).

It is not possible from the record to ascertain whether these issues were presented for the jury's consideration. Following appellant's testimony that the shooting was accidental, the following sidebar exchange occurred:

MR. SMITH [defense counsel]: I don't know if it is accidental or self defense. I think Mr. Murphy put that term in there.

MR. MURPHY [prosecutor]: Are you claiming self defense?

MR. SMITH: What he stated.

MR. MURPHY: Was that a claim of self defense?

3. Appellant, though convicted of aggravated assault, was charged with assault with intent to kill. The elements of the defense of self-defense are the same for a charge of assault with intent to kill as they are to a charge of homicide. *Commonwealth v. Light, supra,* 458 Pa. at 339, n. 8, 326 A.2d at 294, n. 8, citing *Commonwealth v. Mitchell,* 181 Pa.Super. 225, 124 A.2d 407 (1956).

4. "(A) the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor . . . ." The Crimes Code, *supra,* 18 Pa.C.S. § 505(b)(2)(ii)(A).

MR. SMITH: It seems to me that he was in there and whatever he says happened, happened.

MR. MURPHY: He said it was not self defense.

MR. SMITH: I don't know if he knows the legal term or not.

N.T. 213.

Furthermore, neither counsels' arguments nor the court's instructions to the jury were transcribed.

It is possible that counsel argued the defense of self-defense to the jury, and submitted adequate points for charge to the judge, but that the jury remained unpersuaded. However, it is also possible that counsel did not pursue this claim in either of these ways. The failure to raise the issue at trial or (if it was raised at trial) to preserve it by post-trial motions would appear not to have been a decision that had some reasonable basis designed to effectuate the client's interests. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Since it is not possible to ascertain what in fact occurred, nor what was the basis of counsel's decision, it is necessary to vacate the judgment of sentence and remand for an evidentiary hearing on the issue of counsel's effectiveness. *See Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

If upon remand it appears that the claim of self-defense was clearly presented below, and therefore was rejected by the jury, the judgment of sentence should be reinstated. If, however, it appears that the issue was not presented to the jury, or was not preserved by post-trial motions, a hearing should be held to determine whether such failure represented ineffective assistance of counsel. If the court determines that counsel's conduct had no reasonable basis designed to effectuate his client's interests, a new trial should be awarded. If the contrary finding is made, the judgment of sentence should be reinstated. On any further appeal, any issues presented but undecided on this appeal may be raised. *Commonwealth v. Twiggs, supra.*[5]

5. On this appeal appellant also contends 1) that the evidence was insufficient; 2) that medical evidence was improperly admitted; and

452

PRICE, J., concurs in the result.

VAN der VOORT, J., dissents.

3) that evidence of the victim's character was improperly excluded. With respect to this last contention, appellant argues that evidence of specific hostile acts should have been admitted to prove Frick's violent propensities to show that he was in fact the aggressor. Both appellant and the lower court erroneously state that no Pennsylvania authority exists on this issue. *See Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971).