418 A.2d 679

COMMONWEALTH of Pennsylvania

v.

Jonathan BOONE, Appellant.

Superior Court of Pennsylvania.

Argued June 4, 1979.

Filed Feb. 15, 1980.

Tamara S. Gordon, Philadelphia, for appellant.

Thomas McGarrigle, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, GATES, and DOWLING, JJ.*

PER CURIAM:

On April 10, 1978, appellant was found guilty in a nonjury trial of aggravated assault,[1] possession of an instrument of crime,[2] and recklessly endangering a person.[3] On July 11, 1978, judgment of sentence was imposed. The sole question raised in this direct appeal is whether trial counsel rendered ineffective assistance. Appellant is represented on appeal by counsel other than trial counsel, and the question, therefore, is properly raised by this appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

The facts giving rise to these convictions need not be detailed, other than to note that they arose from a fight in

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

1. 18 Pa.C.S. § 2702.

2. 18 Pa.C.S. § 907.

3. 18 Pa.C.S. § 2705.

the men's restroom of a Philadelphia bar. The Commonwealth's evidence, established by the testimony of the complainant who suffered multiple serious injuries from a stabbing by appellant, demonstrated that appellant was the aggressor and had provoked the fight. Appellant's defense was self-defense. Trial counsel had subpoenaed appellant's alleged female companion for the evening. She did not appear at trial and the claim of ineffective assistance of counsel is premised upon trial counsel's failure to make any further effort to secure her presence and testimony.

We cannot determine from this record the basis for counsel's action in this matter. We therefore will remand for an evidentiary hearing for the trial court to determine, under the standard of *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), whether trial counsel's assistance was ineffective. The judgment of sentence will be vacated. If upon remand, the trial court decides that counsel's assistance did not meet this standard, a new trial shall be awarded. If, however, trial counsel's assistance is found not to be ineffective, the judgment of sentence shall be reinstated. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

Following the hearing court's decision, the parties may appeal its order if they so desire. Said appeal will, of course, be limited solely to this issue of ineffective assistance of counsel, since that is the sole issue raised by this direct appeal.

Judgment of sentence vacated and cause remanded for proceedings consistent with this opinion.