420 A.2d 459

**COMMONWEALTH of Pennsylvania**

v.

**Edward HAWKINS a/k/a Edward Harkins, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Filed April 25, 1980.

122

Robert Scandone, Philadelphia, for appellant.

Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH, HESTER, and WATKINS, JJ.*

PRICE, Judge:

Following a non–jury trial, appellant was convicted of possessing an instrument of crime,[1] robbery,[2] and aggravated assault.[3] Post–trial motions for a new trial and in arrest of judgment were denied, and sentence was imposed. For the reasons stated herein, we vacate the judgment of sentence and remand to the court of common pleas.

The pertinent facts are as follows. On November 1, 1976, the complainant, Mr. Homer Auston, and Mr. George Black-

---

* Judge G. Harold Watkins is sitting by designation.

1. 18 Pa. C.S. § 907.

2. 18 Pa. C.S. § 3701.

3. 18 Pa. C.S. § 2702.

man were engaged in a game of shuffleboard in a local Philadelphia bar. They wagered on the contest and exchanged money at the end of each game. After the contest concluded, appellant, who had observed the match, asked complainant to loan him five dollars, which request was refused. Subsequently, appellant asked the complainant to accompany him to a rear portion of the establishment to discuss the matter further. The complainant complied and, accompanied by Mr. Blackman and another bar patron, Doug Cannon, followed appellant into a back room. There appellant produced a gun, ordered Messrs. Blackman and Cannon into a corner, and then demanded money from the complainant. After removing money from the complainant's pocket, appellant ordered all three men to proceed onto the street fronting the establishment. Once outside the bar, the complainant overheard appellant telling Mr. Cannon that he was going to let Mr. Blackman go and was going to "cap" (*i. e.* kill) the complainant. The complainant then fled the scene and was pursued by appellant who, complainant testified, fired a shot at him during the chase.

The complainant eventually escaped and was able to locate Officer Edward Maenner of the Philadelphia Police Department and relate his account to him. Because he was familiar with appellant and was aware that there was an outstanding warrant for his arrest, Officer Maenner proceeded to a bar that he knew appellant frequented. There he confronted appellant and, after a short chase, arrested him.

On appeal, appellant contends that he was denied effective assistance of counsel due to counsel's failure to interview or subpoena Mr. Cannon, an acquitted co–defendant to the crime, and for counsel's failure either to interview Mr. Blackman prior to calling him as a defense witness, or to claim surprise when he testified adversely to appellant's interest.

In *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978), our supreme court stated that:

"[B]efore a defendant on direct appeal is entitled to relief under a theory of ineffective assistance of trial counsel, it must appear that the lawyer's act of omission or commission was arguably ineffective representation, and that it is likely that such ineffectiveness was prejudicial to the defendant. *To resolve these matters it is frequently necessary for an appellate court to remand to the trial court for an evidentiary hearing.*" *Id.*, 480 Pa. at 172–73, 389 A.2d at 566 (emphasis added).

*See also Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). The instant case presents a situation wherein an evidentiary hearing is essential.

The dissent concludes that "[i]t is impossible to see how the testimony of Blackman had any reasonable basis to effectuate his client's interest in the instant case. By no standard of reasonableness could such trial conduct be excused. No trial strategy for the defense appears." (Dissenting opinion at 461). Yet, the dissent reaches this conclusion without the benefit of a record developed in the trial court. Although it is hard to conceive of a reasonable basis for calling Mr. Blackman as a defense witness, guesswork and speculation are no substitute for a record. There has been no opportunity for counsel to explain his trial strategy. Because our review of the record yields no definite conclusion regarding the effectiveness of counsel's assistance, we must remand the case for an evidentiary hearing.

Accordingly, the judgment of sentence is vacated and the case is remanded to the trial court for an evidentiary hearing on the issue of counsel's assistance at trial. Should the trial court conclude that counsel was ineffective, then a new trial shall be granted; if counsel is deemed to have been effective, the judgment of sentence shall be reinstated.

WATKINS, J., files a dissenting opinion.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

WATKINS, Judge, dissenting:

I respectfully dissent.

Officer Edward Maenner was the only other witness to testify on behalf of the Commonwealth. He stated that on November 16, 1977, at about 12:15 A.M., he had his partner stopped their patrol wagon at the corner of 19th and Mountain Streets to look for the appellant in a bar located there. He knew that the appellant frequented that bar and he was aware that there was an arrest warrant outstanding for the appellant. Officer Maenner, who was in uniform, attempted to enter the bar with his partner through the front door, and was able to see the appellant leave through a side door. He gave chase as the appellant ran down an alley, and after he fired two shots in the direction of the appellant, the appellant complied with his command to halt.

Edward W. Hawkins, the appellant, testified that on October 31, 1976, he acted as a go between in a drug transaction involving Mr. Auston as seller and a friend of the appellant as buyer. On November 1, 1976, according to the appellant, he was told by his buyer—friend that the drugs he had obtained the night before were "garbage", and that he wanted his money back. The appellant testified that after confronting Mr. Auston with the buyer's demand and arguing with Mr. Auston about it, Mr. Auston told him to take the money and not come back. The appellant said that Mr. Auston gave him ten dollars more than the price of the drugs he allegedly sold, but was unable to explain why he did this.

Appellant's attorney called George Blackman, a friend of the alleged victim as a defense witness, who corroborated the victim's testimony completely. No surprise was pled by the appellant's attorney. All the parties involved knew each other. By calling Blackman he destroyed the credibility of the appellant.

It seems certain that counsel placed Blackman on the stand without any knowledge of what his testimony would be because if he had interviewed the witness and was given

the story as told by the witness he wouldn't have called him and if he gave a different version then he should have pled surprise.

In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), the Supreme Court held that the court's inquiry ceases and counsel's assistance is deemed constitutionally effective once the court is able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. It is impossible to see how the testimony of Blackman had any reasonable basis to effectuate his client's interest in the instant case. By no standard of reasonableness could such trial conduct be excused. No trial strategy for the defense appears. This was a blatant error of commission not as most errors (omission) which have led to a finding of denial of effective assistance of counsel.

I would reverse the judgment of sentence and grant a new trial.