414 A.2d 1010

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James Robert KATONA, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 17, 1980.

Decided May 30, 1980.

516

Wallace C. Worth, Jr., Allentown, for appellant.

Joseph P. Giovannini, Jr., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice:

Appellant, James Robert Katona, appeals from the Order of the Superior Court affirming per curiam the judgment of sentence of the Court of Common Pleas of Luzerne County. Appellant contends that his trial counsel was ineffective for failing to ascertain the existence of witnesses and to subpoena those witnesses and for failing to request a change of venue.[1]

On May 26, 1976, appellant was convicted by a jury of failure to stop at the scene of an accident and failure to identify himself at the scene of the accident.[2] These charges arose out of a high speed chase which occurred on March 7, 1976 at approximately 7:35 p. m., in the city of Hazelton, Pennsylvania. The vehicle owned by appellant came to a stop after it had run into a parked car. Trooper Paulshock of the Pennsylvania State Police pulled his vehicle directly

1. Appellant was represented at trial by Attorney Michael J. Cefalo. He subsequently retained present counsel for the purposes of appeal. These issues were raised on appeal to the Superior Court.

2. He was acquitted on charges of aggravated assault and recklessly endangering another person.

behind appellant's vehicle and scribbled the license number. Trooper Paulshock alighted from his vehicle and approached the vehicle owned by the appellant; whereupon the driver of appellant's vehicle backed his vehicle into the police car twice and drove away. Trooper Paulshock testified that when he was about two feet from the door of appellant's vehicle he saw the profile of appellant illuminated by the high beams from the state police vehicle and a street lamp about twenty feet away. Based on this view, Trooper Paulshock later identified appellant at appellant's home.

The thrust of appellant's argument at trial was that the identifying officer's ability to identify the driver was not sufficient to establish that appellant was the driver of the vehicle.[3]

Appellant apparently alleges that, during April 1976, appellant and his attorney met with Mr. James Walker,[4] who had information (a) that Trooper Paulshock's identification of appellant was based on a photographic display at the State Police Barracks and (b) that there were eye witnesses to the incident who "didn't want to get involved." The record shows that there were two disinterested eye witnesses who, arguably, could testify that the state policeman never went beyond the rear bumper of appellant's car before it pulled away, and that it was too dark for the policeman to have clearly observed the driver. Apparently, no witnesses were subpoenaed to testify on behalf of appellant.

In determining whether counsel's failure to secure the attendance of these witnesses constituted constitutionally ineffective assistance of counsel, we are guided by the standard established in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), where we held that the course which counsel chooses must have *some*

---

**3.** Appellant's defense was that as he was returning home from Penn National Race Track, some fifty miles from Hazelton, his car was stolen by a hitchhiker. Appellant hitchhiked a ride to McAdoo, some nine miles south of Hazelton. That evening appellant reported his vehicle had been stolen.

**4.** Mr. Walker's name was also mentioned at the preliminary hearing and at trial.

reasonable basis to effect the best interest of the client, not, in hindsight, whether another alternative would have been *more* reasonable.

This Court dealt with a similar issue in *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975) wherein we stated:

If counsel's decision not to secure Gilmore's appearance or to have the notes of Gilmore's previous testimony read to the jury was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of this case, then that decision clearly had some reasonable basis designed to effectuate Twiggs's interests. In such circumstances, counsel's conduct would not constitute ineffectiveness. (Citations omitted). Had counsel reached this decision on a basis designed to advance his client's interest, this case would be analogous to those situations in which, as a matter of trial strategy, counsel decides not to call a witness at all.

(Citations omitted), et al., 460 Pa. 110–111, 331 A.2d at 443.

If, however, counsel's failure to seek compulsory process to obtain Gilmore's testimony or to have his prior testimony read to the jury was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel. (Citations omitted).

Id., 460 Pa. at 110–111, 331 A.2d at 443.

We cannot determine from the record in this case the basis for counsel's course of action in this matter and the record is totally devoid of any specifics concerning appellant's argument that counsel was ineffective for failing to seek a change of venue.[5]

5. Appellant alleges that thirteen days prior to trial in the instant case he was arrested and charged with five counts of murder in connection with a fire bombing incident in Hazelton, and that he received

We therefore vacate the Order of the Superior Court and remand for an evidentiary hearing.

extensive publicity in connection with these charges during the trial that is the subject of this appeal. Appellant further alleges that motions for change of venue were granted each of his co-conspirators in that case. As a result, argues appellant, his right to a trial by an impartial jury was denied.