J-S25013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIUS MCDOWELL | : | |
| | : | |
| Appellant | : | No. 2014 EDA 2022 |

Appeal from the PCRA Order Entered August 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009409-2017

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 11, 2023**

Appellant Darius McDowell appeals from the order denying his first Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that his trial counsel was ineffective for failing to call a witness at trial and for failing to challenge the weight of the evidence.  Appellant also claims that appellate counsel was ineffective for failing to raise the denial of Appellant's motion to suppress on direct appeal.  We affirm.

The underlying facts of this matter are well known to the parties.  *See **Commonwealth v. McDowell***, 1296 MDA 2017, 2020 WL 3412338, at *1-2 (Pa. Super. filed June 22, 2020) (unpublished mem.).  Briefly, in October of 2017, police officers responded to a call about a man in a blue shirt with a gun banging on the door of a residence.  The officers approached a car parked

---

[1] 42 Pa.C.S. §§ 9541-9546.

nearby and saw a fired cartridge casing on the car's windshield. Appellant was wearing a blue shirt and was seated inside that vehicle. The officers also saw additional fired cartridge casings inside the vehicle. After the officers opened the car door, Appellant refused to get out of the car and struggled with the officers. The officers arrested Appellant and recovered a firearm from his pants pocket. Appellant was charged with persons not to possess firearms and other offenses.[2]

Appellant filed a motion to suppress the firearm and related evidence, which the trial court denied after a hearing on July 24, 2018.

At trial, Appellant testified that his girlfriend Shakira Maddox owned the firearm and the car in which Appellant was sitting when the police arrested him. *See McDowell*, 2020 WL 3412338, at *3. Appellant denied touching or possessing the firearm and stated that Ms. Maddox had locked the firearm in the car's glove compartment before she got out. *See id.* Officer Allen Reed testified that Ms. Maddox had given a statement in which she claimed that she was the owner of the firearm. *See id.* at *7. Ms. Maddox did not testify at trial.

On August 16, 2018, a jury convicted Appellant of persons not to possess firearms. The trial court sentenced Appellant to a term of seven and one-half to fifteen years' incarceration followed by three years' probation on

_____

[2] 18 Pa.C.S. § 6105(a)(1).

October 18, 2018. Kenneth Williams, Esq. (trial counsel), of the Defender Association of Philadelphia represented Appellant at trial and at sentencing.

Appellant did not file any post-sentence motions, but he filed a timely notice of appeal. On direct appeal, Appellant claimed that the trial court erred in one of its evidentiary rulings, had shown bias towards the Commonwealth and against Appellant, and failed to give a curative jury instruction. *See McDowell*, 2020 WL 3412338, at *3-4. This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on December 21, 2020. *See id.* at *8, *appeal denied*, 242 A.3d 1252 (Pa. 2020). Shonda Williams, Esq. (appellate counsel), of the Defender Association of Philadelphia represented Appellant on direct appeal.

On January 29, 2021, Appellant filed a *pro se* PCRA petition, and the PCRA appointed Peter Levin, Esq., to represent Appellant. Attorney Levin filed an amended PCRA petition on July 30, 2021. Appellant claimed that trial counsel was ineffective for failing to call Shakira Maddox as a witness at trial and for failing to file a post-sentence motion challenging the weight of the evidence. Am. PCRA Pet., 7/30/21, at 4. Appellant also argued that appellate counsel was ineffective for failing to challenge the denial of Appellant's suppression motion on direct appeal. *Id.*

The PCRA court held an evidentiary hearing on March 24, 2022, limited to the issue of whether trial counsel was ineffective for failing to call Ms. Maddox at trial. Appellant, Ms. Maddox, and trial counsel testified at this

hearing. On August 8, 2022, the PCRA court filed an opinion and order denying Appellant's PCRA petition. Appellant filed a timely notice of appeal.

The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed a Rule 1925(a) statement adopting its August 8, 2022 opinion and order. *See* PCRA Ct. Statement, 9/12/22.

On appeal, Appellant raises four issues, which we reorder as follows:

1. Whether trial counsel was ineffective for failing to call a witness to testify at Appellant's trial?

2. Whether trial counsel was ineffective for failing to file a post sentence motion that the verdict was against the weight of evidence?

3. Whether appellate counsel was ineffective for failing to appeal the denial of the motion to suppress?

4. Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective?

Appellant's Brief at 7.

## Timeliness of PCRA Petition

Before we may address the issues presented, we must first determine whether the PCRA court had jurisdiction to consider Appellant's PCRA petition. A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). Further, Section 9545 explains:

> For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(3); *see also* Pa.R.Crim.P. 901, cmt.

Under the PCRA, Appellant's judgment of sentence did not become final until May 20, 2021, 150 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, when the time for petitioning for a writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); **Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19]**, 334 F.R.D. 801 (U.S. 2020).[3] Therefore, when Appellant filed his *pro se* PCRA petition on January 29, 2021, the 150-day period in which Appellant could have pursued an appeal in the United States Supreme Court had not yet expired, and his *pro se* petition was premature.

However, Attorney Levin filed a PCRA petition on Appellant's behalf on July 30, 2021, after Appellant's judgment of sentence became final. Accordingly, we conclude that this timely filing permitted the PCRA court to address Appellant's claims. **See e.g.**, **Commonwealth v. Williams**, 472 EDA 2020, 2021 WL 2287462 (Pa. Super. filed June 1, 2021) (unpublished mem.) (concluding that although the defendant filed a premature *pro se* PCRA petition prior to the expiration of the time for seeking direct review, the subsequent filing of a timely, counseled PCRA petition occurred after the defendant's judgment of sentence became final, and it allowed the PCRA court

_____

[3] The United States Supreme Court rescinded this order on July 19, 2021. **Miscellaneous Order Rescinding COVID-19 Related Orders**, 338 F.R.D. 801 (U.S. 2021).

to proceed with its review of the defendant's claims under the PCRA).[4] Therefore, we will address the merits of Appellant's claims.

### Failure to Call a Witness

In his first issue, Appellant argues that trial counsel was ineffective because he failed to call Shakira Maddox as a witness. Appellant's Brief at 15-18. Appellant notes that at the PCRA evidentiary hearing, Ms. Maddox testified that she owned the firearm and the vehicle involved in this case, and that she locked the firearm in the glove box of her car when she got out while Appellant remained behind in the vehicle. *Id.* at 15 (citing N.T. PCRA Hr'g, 3/24/22, at 16-17). Trial counsel had interviewed Ms. Maddox prior to trial but did not issue a subpoena for her to testify. *Id.* at 15-16 (citing N.T. PCRA Hr'g, 3/24/22, at 31, 34). Appellant argues that when Ms. Maddox failed to appear at Appellant's trial, trial counsel should have issued a subpoena for her and requested a continuance. *Id.* at 16. Appellant claims that counsel's failure to call Ms. Maddox as a witness prejudiced him because her testimony would have corroborated Appellant's testimony that he did not possess the firearm when the police arrested him because it was locked in the car's glove compartment. *Id.* at 17-18.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the

---

[4] Unpublished, non-precedential decisions of this Court that are filed after May 1, 2019, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); *see also* 210 Pa. Code § 65.37(B).

evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011). A PCRA court's credibility determinations, however, are binding on this Court when such determinations are supported by the record. ***Id.***; ***see also Commonwealth v. Davis***, 262 A.3d 589, 595 (Pa. Super. 2021) (stating that "[t]his Court grants great deference to the findings of the PCRA court if the record contains any support for those findings" (citation omitted)).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his [or her] action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his [or her] client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

Further, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Davis*, 262 A.3d at 596 (citation and quotation marks omitted).

"A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citation and quotation marks omitted).

With respect to a claim of ineffective assistance of counsel for failing to call a potential witness, the defendant must establish that

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Id.* (citations omitted).

Here, the PCRA made the following findings of fact and conclusions of law:

32.  [Trial counsel's] testimony was credible.

33.  [Appellant] rejected [trial counsel's] suggestion of requesting a continuance to obtain Ms. Maddox as a trial witness, and instead elected to proceed even if she didn't appear.

\* \* \*

42.  Even if true, Ms. Maddox's testimony that she locked the gun in the glovebox before leaving to enter the daycare center with her children does not rebut the testimony of the officers that that [Appellant] was in possession of the gun when they saw him in the vehicle, when she was not present, nor does it rebut evidence that the glove box was open after [Appellant] was arrested.

43.  Since Ms. Maddox's testimony would not have rebutted the testimony of the police regarding the events after she left the scene, [Appellant] suffered no prejudice from the absence of her testimony.

44.  Because the same evidence Ms. Maddox would have offered was presented through her statement at trial, there was no prejudice to [Appellant] from her failure to appear.

45.  If "counsel's failure to seek compulsory process to obtain [a witness']s testimony . . . was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective." ***Commonwealth v. Twiggs***, 331 A.2d 440, 443 (Pa. 1975).

46.  Trial counsel's efforts to obtain the testimony of Ms. Maddox were reasonable under the circumstances.

47.  Once it became apparent that she was not returning his calls and might not appear for trial, trial counsel offered to seek a continuance of trial in order to obtain Ms. Maddox's testimony.

48.  This offer to seek a continuance was reasonable under the circumstances.

49.  [Appellant] rejected that offer, and instead elected to proceed to trial, whether or not Ms. Maddox would appear.

50. Having rejected his trial counsel's offer to request a trial continuance for Ms. Maddox's appearance, and deciding instead to proceed whether or not she appeared, [Appellant] made the ultimate decision.

51. Counsel will not be deemed ineffective where his attempt to secure the testimony of Ms. Maddox was reasonable under the circumstances, and his last opportunity to seek a continuance to obtain her testimony was rejected by [Appellant].

PCRA Ct. Op. & Order, 8/8/22, at 7, 9-10 (some citations omitted).

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant failed to establish that trial counsel was ineffective for failing to call Ms. Maddox as a witness at trial. *See Sandusky*, 203 A.3d at 1043-44; *see also Sneed*, 45 A.3d at 1109. Therefore, we affirm on the basis of the PCRA court's analysis of this issue. *See* PCRA Ct. Op. & Order, 8/8/22, at 7, 9-10. Accordingly, Appellant is not entitled to relief on this claim.

**Failure to Raise a Weight Claim**

In his second issue, Appellant argues that trial counsel was ineffective for failing to file a post-conviction motion challenging the weight of the evidence. Appellant's Brief at 20-23. Appellant contends that the verdict was against the weight of the evidence because Appellant's testimony and Ms. Maddox's statement that the firearm was locked in the glove compartment of the car contradict the testimony of the police officers. *Id.* at 20-21. Appellant further argues that the Commonwealth did not present any scientific evidence, such as fingerprints or DNA from the firearm or the spent shell casings, to corroborate the officers' testimony that Appellant possessed Ms. Maddox's

firearm. ***Id.*** Appellant claims that counsel's omission prejudiced him because it waived this claim both on post-sentence and appellate review. ***Id.*** at 20. Appellant asserts that if his trial counsel had preserved a weight-of-the-evidence claim for appeal, an appellate court would have reversed his conviction. ***Id.*** at 20-21.

To satisfy the arguable merit prong of a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence such that counsel may be deemed ineffective in failing to file the post-sentence motion." ***Commonwealth v. Smith***, 181 A.3d 1168, 1186 (Pa. Super. 2018) (citation omitted). When there is no merit to the underlying weight-of-the-evidence claim, a PCRA petitioner is not entitled to relief on a claim that trial counsel was ineffective in failing to file a post-sentence motion to preserve the weight claim for appeal. ***Id.*** at 1187.

Our Supreme Court has explained:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. When a trial court considers a motion for a new trial based upon a weight of the evidence claim, the trial court may award relief only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. . . .

At trial, the jury [is] the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses. Issues of witness credibility include questions of inconsistent testimony and improper motive. A jury is entitled to resolve any inconsistencies

- 11 -

in the Commonwealth's evidence in the manner that it sees fit. . . .

**[I]nconsistencies in eyewitness testimony are not sufficient to warrant a new trial on grounds that the verdict was against the weight of the evidence.**

*Commonwealth v. Jacoby*, 170 A.3d 1065, 1080-81 (Pa. 2017) (citations and quotation marks omitted, emphasis added).

Here the PCRA court explained:

39. Having observed the testimony [at trial], the court's conscience is not at all shocked by the verdict. To the contrary, the verdict is consistent with the weight of the evidence.

40. [Appellant's] claim that trial counsel was ineffective for failing to file a post sentence motion asserting that the verdict was against the weight of the evidence is without merit, and [Appellant] suffered no prejudice from trial counsel's decision (or failure) to file a post-sentence motion on that ground.

PCRA Ct. Op. & Order, 8/8/22, at 8.

Following our review of the record, we find no error in the PCRA court's conclusion that Appellant failed to establish that trial counsel was ineffective for failing to challenge the weight of the evidence. *See Sandusky*, 203 A.3d at 1043-44; *see also Smith*, 181 A.3d at 1186-87. The PCRA court also presided over Appellant's jury trial and concluded that the verdict did not shock the conscience of the court. *See* PCRA Ct. Op. & Order, 8/8/22, at 8; *see also Jacoby*, 170 A.3d 1065, 1080-81. Therefore, the underlying weight-of-the-evidence claim lacks arguable merit, and trial counsel cannot

be ineffective for failing to raise a meritless claim.  *See Davis*, 262 A.3d at 596.  Appellant is not entitled to relief on this issue.

## Failure to Raise Suppression Claim

In his final issue, Appellant argues that appellate counsel was ineffective for failing to challenge the denial of his motion to suppress on direct appeal.  Appellant's Brief at 18-20.  Appellant claims that the police lacked reasonable suspicion to detain him.  *Id.* at 19.  Appellant contends that an anonymous tip, without more, is insufficient to "constitute reasonable grounds for the police to suspect that an individual is armed and dangerous."  *Id.* (citing *Commonwealth v. Jackson*, 698 A.2d 571 (Pa. 1997)).  Appellant contends that because his suppression motion was meritorious, appellate counsel lacked a reasonable basis for failing to raise this issue on appeal.  *Id.* at 18, 20. Appellant concludes that if appellate counsel had challenged the trial court's order denying his motion to suppress the firearm on direct appeal, the outcome of his appeal would have been different.  *Id.* at 19-20.

Our Supreme Court has explained that to establish prejudice for a claim of ineffective assistance of appellate counsel claim, "the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance."  *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

It is well settled that

Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution both protect the people from unreasonable searches and seizures.  Jurisprudence

- 13 -

arising under both charters has led to the development of three categories of interactions between citizens and police. The first, a "mere encounter," does not require any level of suspicion or carry any official compulsion to stop or respond. The second, an "investigative detention," permits the temporary detention of an individual if supported by reasonable suspicion. The third is an arrest or custodial detention, which must be supported by probable cause.

*Commonwealth v. Lyles*, 97 A.3d 298, 302 (Pa. 2014) (citations omitted).

[T]o establish grounds for reasonable suspicion, the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. The question of whether reasonable suspicion existed at the time [the officer conducted the stop] must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a particularized and objective basis for suspecting the individual stopped. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of the [stop] warrant a man of reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Green*, 168 A.3d 180, 184 (Pa. Super. 2017) (citation omitted).

This Court has explained:

Where an investigative detention is based on an anonymous tip, we must determine whether under the totality of the circumstances the informant's tip established the necessary reasonable suspicion that criminal activity was afoot. The veracity and reliability of anonymous tips are particularly difficult for the police to evaluate. Unlike trusted (or at least tested) informants or members of the public not concealing their identity, anonymous tipsters know they cannot be held to account for false allegations. *See Florida v. J.L.*, 529 U.S. 266, 270 (2000). In addition, they

often fail to reveal the basis for their alleged knowledge and are generally unavailable to answer follow-up questions from police.

The United States Supreme Court has made clear that an anonymous tip that a particular person in a particular location is carrying a firearm does not, by itself, establish reasonable suspicion for an investigative detention. *J.L.*, 529 U.S. at 274.

*Commonwealth v. Mackey*, 177 A.3d 221, 230 (Pa. Super. 2017) (some citations omitted and formatting altered).

However, "[a]n anonymous tip, corroborated by independent police investigation, may exhibit sufficient indicia of reliability to supply reasonable suspicion for an investigatory stop." *Commonwealth v. Brown*, 996 A.2d 473, 477 (Pa. 2010); *see also Jackson*, 698 A.2d at 572, 575 (concluding that an anonymous tip of "a man in a green jacket carrying a gun[]" did not, by itself, exhibit sufficient indicia of reliability to establish reasonable suspicion to support an investigatory detention and explaining that "the police must investigate further by means not constituting a search and seizure. If, as a result, they acquire sufficient information to give rise to a reasonable suspicion that the individual is armed and dangerous, they may then initiate" an investigatory detention).

Here, the PCRA court explained:

36.    [Appellant's] claim that appellate counsel was ineffective for failing to appeal the denial of [Appellant's] motion to suppress fails, because the motion [to] suppress physical evidence was properly [denied], and thus the underlying legal issue is without arguable merit. *See* Findings of Fact and Conclusions of Law, NT 7/24/18, 47-50.

37.    Since the motion to suppress was properly denied, [Appellant] suffered no prejudice.

J-S25013-23

PCRA Ct. Op. & Order, 8/8/22, at 7 (some formatting altered).

The suppression court made the following findings of fact and conclusions of law when denying Appellant's motion to suppress:

> Police Officer Ibbotson . . . testified that on the date, time, and location in question, at approximately 6:30 p.m., he was at the time 3 1/2 years into the police force when he received a radio call for person with a gun at 1917 West Venango Street who was described as a black male with a blue shirt banging on the door. . . . The officer testified he arrived at the location within 5 minutes and also he was familiar with that area as a place of high incidence of arrests within a few block radius for guns and other illegal activity. He indicated that when he and his partner[, Officer Kology,] arrived there, he saw that Police Officer Robinson was already on location. . . . As [O]fficer Ibbotson, along with his partner, are walking down the sidewalk, they are walking toward the burgundy Nissan Maxima that this defendant is sitting in, facing them. He observes this defendant through the windshield leaning back in his seat as if to avoid detection. He is wearing a blue shirt and also during their approach, they observe a spent shell casing on the sidewalk. They also observe shortly thereafter spent shell casings inside the vehicle. At this point Officer Kology orders the defendant out of the car and tries to open the door, to which the defendant responds by saying "Get the fuck out of here," and was able to shut the door back. A struggle ensues that then involves four police officers, . . . and also involves the sighting of a prominent outline of a gun on the jeans of the defendant, which Officer Ibbotson immediately recognizes to be the outline of a gun and he then felt with his hand and during the struggle he pressed down on it as they continued to try to apprehend the defendant. Eventually, the defendant was apprehended and [a firearm, spent shell casings, and live ammunition] was recovered. . . .
>
> This court does find credible the testimony of Police Officer Ibbotson. This court finds that at the time that Police Officer Kology ordered the defendant out and tried to open the door, there was, at the very least, reasonable suspicion, and I think, more than likely, outright probable cause to search the vehicle. Assuming that it was only reasonable suspicion at this point, once the defendant resisted it would blossom into probable cause. Probable cause was then further enhanced by the struggle,

- 16 -

enhanced further still by the sighting of the outline of the firearm, then enhanced further still by Officer Ibbotson's feeling of the firearm as he tried to hold it during the struggle. In sum, the totality of the circumstances, which include, but are not limited to, the radio call, the defendant's description, the location, the facts he was there within 5 minutes, that he was leaning back in the seat eluding detection, and looking up the steps where Officer Robinson was on the same property that was named in the radio call, and the presence of shell casings not only on the sidewalk right outside the car but inside the car, altogether provide ample probable cause for the search and the arrest of the defendant. Therefore, his constitutional rights have not been violated, and the motion to suppress is denied.

N.T. Suppression Hr'g, 7/24/18, at 47-50 (some formatting altered).

Based on our review of the record, we agree with the PCRA court that Appellant has failed to establish the arguable merit and prejudice prongs for his ineffectiveness claim against appellate counsel. Contrary to Appellant's assertions, the police did not rely solely on an anonymous tip to establish reasonable suspicion to detain Appellant. As the trial court explained, the police officers saw spent shell casings in and around the car in which Appellant was seated. *See id.* at 47-48. The shell casings were sufficient independent indicia that the anonymous tip of a man in a blue shirt with a gun was reliable. *See Brown*, 996 A.2d at 477; *Jackson*, 698 A.2d at 575. Based on the totality of the circumstances, the police had reasonable suspicion when they opened the car door to believe that Appellant possessed and had at some point discharged a firearm. *See Green*, 168 A.3d at 184. For these reasons, Appellant's suppression issue lacks arguable merit and appellate counsel cannot be ineffective for failing to pursue a meritless claim on appeal. *See Davis*, 262 A.3d at 596. Further, Appellant has failed to establish that there

was a reasonable probability that if appellate counsel had raised this claim, the outcome of his direct appeal would have been different. **See Blakeney**, 108 A.3d at 750. Appellant is not entitled to relief on this issue.

## Conclusion

Appellant's fourth issue is cumulative of the other issues he has raised on appeal and are meritless, therefore no relief is due. For these reasons, Appellant is not entitled to relief on his claims, and we affirm the PCRA court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: October 11, 2023