Commonwealth *v.* Ault, Appellant.

Submitted April 10, 1974. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and
SPAETH, JJ.

*Barney Phillips,* for appellant.

*Gordon R. Miller,* First Assistant District Attorney,
and *Paul D. Shafer, Jr.,* District Attorney, for Common-
wealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

Henry Ault, after trial by jury, was convicted of assault and solicitation to commit sodomy and corrupting the morals of a minor child. After post-trial motions, he filed this appeal in which his sole claim is that the trial judge erred in permitting the minor, who was the alleged victim of the crimes, to testify.

In reviewing the Appellant's claim, which basically rests on assertions that the witness was incompetent due to mental immaturity, we must be mindful of certain legal concepts and requirements. These matters were discussed in detail by our Supreme Court in *Rosche v. McCoy*, 397 Pa. 615, 156 A. 2d 307 (1959). In that case it was noted that:

(1) Competency is the rule and incompetency the exception;

(2) The burden to show incompetency lies upon the party asserting it; and

(3) The trial judge's determination of mental maturity (after inquiry) will not be reversed absent a finding of abuse of discretion.

*Rosche* also reviewed the nature of the inquiry required of the trial court in this situation. The judge must investigate the child's capacity to communicate (including an ability to understand questions and to frame and express intelligent answers), the child's capacity to observe and remember the matter about which testimony is sought, and the child's consciousness of the duty to speak the truth. See also *Commonwealth v. Fox*, 445 Pa. 76, 282 A. 2d 341 (1971). Mindful of all of the above concepts, we have reviewed the record and conclude that the trial judge did not abuse his discretion in allowing the minor to testify.

First, the transcript evidences an excellent ability to communicate on the part of the minor in question. The witness, in a manner to be envied by some adults, clearly expressed himself and provided clear and intelli-

gent answers throughout his questioning. His responsive answers reflect a good understanding of the questions posed to him. Quite admirably and contrary to many older witnesses at trials, the minor in the instant case did not answer the few questions he did not hear or understand, but asked that they be repeated or rephrased.

Turning to the second area of inquiry, we find that the record exhibits a more than adequate capacity on the part of the witness to have observed the incident about which he was asked to testify. The occurrence in question took place on August 3, 1971, when the witness was eight years old. At the time of trial in mid-November, 1972, the witness was nine years old. Only the witness and the Appellant were present when the acts were committed which formed the basis for the prosecution. It would serve no useful purpose to recite the facts of that episode here; suffice it to say that the events which occurred, though simple to describe in words, constituted an incident which even a child of tender years would recall in detail, and with displeasure, for a long period of time. The record satisfies our conclusion that the witness had an excellent capacity to both observe and recall the incident in question.

Lastly, we must examine the child's consciousness of his duty to speak the truth. The record shows that the witness was initially asked if he knew what it meant to take an oath. He answered, "It means to swear that you'll tell the truth". When the court asked the witness what would happen if he didn't tell the truth, the latter responded, "If you don't do it in court, you get put in jail." He candidly admitted that he had in the past lied, but revealed that he had been punished by his parents and others on those occasions when he had done so; he expressed fear of such punishment if he lied. He testified that he was afraid to lie and was

356

sorry when he had done it in the past. He further stated that he knew the difference between right and wrong and felt it was wrong to lie. Based on all of the above, we must conclude the third requirement, that is, the child's consciousness of a duty to testify truthfully, was satisfied in the instant case. See *Commonwealth v. Fox, supra; Commonwealth v. Troy,* 274 Pa. 265, 118 A. 252 (1922) ; *Commonwealth v. Furman,* 211 Pa. 549, 60 A. 1089 (1905) ; *Commonwealth v. Logan,* 198 Pa. Superior Ct. 635, 184 A. 2d 321 (1962) ; *Commonwealth v. Allabaugh,* 162 Pa. Superior Ct. 490, 58 A. 2d 184 (1948).

Judgment of sentence is hereby affirmed.