389 A.2d 1132

COMMONWEALTH of Pennsylvania

v.

Kenneth PEMBERTON, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, Kenneth Pemberton, was convicted by a jury of robbery, conspiracy and possession of an instrument of a crime. In this appeal appellant raises two issues: First, whether the court erred in not declaring a mistrial because a poll of the jury revealed that one juror initially disagreed with the guilty verdict; and, second, whether the court erred in not suppressing identification testimony of a Commonwealth witness.

On Tuesday, January 21, 1975, the Roy Rogers Restaurant at Broad and Stenton Avenue, Philadelphia, was robbed at gunpoint by two men. One man forced a cashier, Marcella Miralles, to give him the money from the registers; the other man armed with a shotgun or rifle went to the back office and forced the manager, Herman Reyes, to open the vault and give him the paper money. The next evening appellant and his co-defendant, Leonard Moore, were arrested with a Ms. Fisher on an unrelated auto theft charge. While they were in custody on that charge, the police took their photographs and put together a photographic array which was displayed to Ms. Miralles at the Roy Rogers Restaurant and she identified appellant and his co-defendant from the pictures. About four hours later she also identified them in a line-up conducted at the police station. Mr. Reyes did not attend the line-up and did not identify any photographs.

At a hearing on appellant's motion to suppress the identification testimony, the court below suppressed Ms. Miralles' out-of-court identification as to appellant since the photo display and, consequently, the line-up may have been suggestive. However, the court found a sufficient independent basis for permitting her in-court identification.[1]

Trial began on September 9, 1975, and, at 4:00 P.M. on September 11, the jury retired to deliberate. Not reaching a verdict that evening, the jury was allowed to go home and to

1. At trial, testimony concerning the suppressed out-of-court identification was elicited by defense counsel in an effort to impeach Ms. Miralles' credibility and identification.

return for resumption of their deliberations the next day. At 5:20 P.M. on September 12, the jury returned with a verdict of guilty, but during the ensuing poll one juror announced disagreement with the verdict. The trial court denied appellant's motion for a mistrial and directed the jury to retire for further deliberations at 5:40 P.M. At 9:10 P.M. the jury again returned a verdict of guilty, and the poll established that all the jurors now agreed. The verdict was then recorded. Post-trial motions were subsequently denied and this appeal followed.

First, appellant claims the court below committed prejudicial error in denying his motion for a mistrial following the first poll of the jury. In support of this contention, appellant argues that the polling of jurors must terminate the trial, otherwise it becomes an instrument which puts undue pressure on a dissenting juror to succumb to the decision of the majority of jurors. At least, appellant claims, sending the jury back to deliberate without further instructions is equivalent to giving a prohibited "Allen Charge." We do not find merit in either of these contentions.

A criminal defendant who is tried before a jury can only be convicted by a unanimous verdict. To insure this right the accused is entitled to poll the jury to ascertain whether each juror concurs in the verdict. *Commonwealth v. Jackson*, 457 Pa. 237, 324 A.2d 350 (1974). The verdict is not final until it is recorded, and it may be corrected or altered until then. *Commonwealth v. Craig*, 471 Pa. 310, 370 A.2d 317 (1977); *Commonwealth v. Corbin*, 215 Pa.Super. 63, 65 n. 1, 257 A.2d 356 (1969). The Pennsylvania Rules of Criminal Procedure, Rule 1120(f) supports the proposition that a verdict is not final prior to its being recorded. The rule provides:

> "Before a verdict, whether oral or sealed, is recorded, the jury shall be polled at the request of any party. If upon such poll there is no concurrence, except for a sealed verdict, the jury shall be directed to retire for further deliberations."

The effect of the juror's dissent from the verdict during the poll was that no verdict had in fact been reached. The rule requires the trial court to send the jury back until a unanimous verdict is returned or the jury is hopelessly deadlocked. Obeying the command of the rule, the trial court properly denied appellant's motion for a mistrial. At most, appellant could have requested an additional cautionary instruction on the responsibility of the jury to deliberate. Such instruction as promulgated by the American Bar Association Standards Relating to Trial by Jury § 5.4, and recommended by the Supreme Court in *Commonwealth v. Spencer*, 442 Pa. 328, 275 A.2d 299 (1971), had been given twice during the proceedings, once at the beginning of the trial and again during the court's charge to the jury. Since appellant did not request such an instruction to be reiterated, he cannot now complain that directing the jury to retire for further deliberation without the additional instruction was erroneous. Cf. Pa.Rules Crim.P. 1119(b); *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. McNeil*, 461 Pa. 709, 337 A.2d 840 (1975).[2]

Second, appellant contends the court below erred in admitting the in-court identification by Ms. Miralles, since that identification was presumptively tainted by suggestive pre-trial identification procedures and the Commonwealth failed to show a sufficient independent basis for the in-court identification.[3] However, both the suppression court and the trial court found that Ms. Miralles had a sufficient independent basis for her in-court testimony. We agree

**2.** Appellant also argues that the different treatment of oral and sealed verdicts under Rule 1120(f) constitutes a denial of equal protection of the law. This argument is patently frivolous and need not be discussed.

**3.** The hearing court suppressed the out-of-court identification of appellant because the array apparently contained two pictures of appellant. In any event, the officer who took the pictures and displayed them to Ms. Miralles did not attend the hearing, so that there was no proof that the purported array was indeed the one shown to Ms. Miralles. See *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973); *Commonwealth v. Jackson*, 227 Pa.Super. 1, 323 A.2d 799 (1974).

that her in-court identification was of sufficient independent basis to be free from any taint of the photo display and line-up. The Commonwealth need only establish by clear and convincing evidence the independent basis of the in-court identification. *Commonwealth v. Cox*, 466 Pa. 582, 353 A.2d 844 (1977); *Commonwealth v. Thomas*, 460 Pa. 442, 333 A.2d 856 (1975); *Commonwealth v. Holz*, 245 Pa.Super. 376, 369 A.2d 452 (1976). Ms. Miralles had ample opportunity to observe appellant at close range for approximately 20 minutes. The area was well lighted and Ms. Miralles gave a detailed description of the clothing worn by the robbers. The only discrepancy between the initial description and the defendant's appearance was her perception of which of the two robbers was taller, but there was no substantial difference between appellant's actual height and the height she initially described him to be. Otherwise, she never wavered in her identification.

For the foregoing reasons, the judgments of sentence are affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.