393 A.2d 904

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dwight SPEICHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Oct. 25, 1978.

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's conviction for rape and related offenses following a trial without jury. Ultimately, appellant was sentenced to three to six years in prison for rape, and sentencing on the remaining charges was suspended. On appeal appellant argues: (1) That the victim was incompetent to testify because of her mental retardation; (2) That trial counsel was ineffective for failing to require the court to persevere in inquiring into the competency of the victim; and (3) That appellant was denied due process of law because the evidence failed to establish with sufficient specificity the date of the alleged rape. The relevant facts, taken in the light most favorable to the Commonwealth, are as follows.

In late August or early September, 1976, the victim, Donna, was home alone watching television in the afternoon when appellant, an acquaintance of hers, entered the home through the kitchen door. When appellant's efforts to persuade Donna to voluntarily go with him were unsuccessful, he grabbed her by the arms and led her from the home to a neighbor's yard where he forced her to have intercourse with him. The act consummated, he returned with Donna to her home and remained there for a few minutes before departing. According to Donna she bled profusely and vomited after the rape. When her mother returned home later, Donna reported her bleeding but did not disclose its cause because she was afraid.

Subsequently, Donna received several phone calls from appellant during which he threatened to kill her if she were pregnant. Within a week or two of the incident, Donna was watching television late at night with her sister-in-law when both women heard noises outside. Donna was visibly upset and began to cry, and when her sister-in-law inquired why she was so frightened, Donna recounted the incident and the ensuing threats. Thereafter, the instant charges were filed against appellant.

Obviously, the foregoing facts if believed by the fact-finder, in this case the judge, were sufficient to sustain the

verdict of guilty. The difficulty with this case is that the victim, while she was a twenty-four year-old woman at the time of the offense, had the intellectual age of an eleven or twelve year-old girl, and suffered from cerebral palsy. Consequently, her competence as a witness was immediately placed at issue, especially because she was the only witness to the crimes. At trial, Donna's mother was called to the stand first and questioned concerning her daughter's competence.[1] She testified that Donna could read and write, although she had some difficulty with spelling words correctly, that Donna had been educated in special schools, that Donna could function normally and did not require constant supervision, that Donna frequently attended church on religious holidays and believed in God, and that Donna could understand the nature and obligation of an oath. Furthermore, Donna's mother testified that Donna had quite a good memory upon which her mother frequently relied. Thereafter, Donna took the stand and, in response to the trial judge's questioning, stated that she understood the oath to mean that she was obliged "to tell the truth," that the judge expected her to tell the truth, and she promised that she would tell the truth. At this point the Commonwealth began questioning Donna on the facts underlying the charges, and defense counsel lodged no objection to the effect that Donna's competence as a witness had not been demonstrated. Defense counsel, however, subsequently argued in support of his demurrer that Donna's competency was sufficiently open to question as to raise a reasonable doubt concerning appellant's guilt. Of course, the demurrer was overruled.

With regard to the preservation of the question of Donna's competency as a witness, this case is four-square with *Commonwealth v. McKinley,* 181 Pa.Super. 610, 123 A.2d 735 (1956). In *McKinley* this court held that counsel's failure to object to the alleged incompetency of the eight year-old victim constituted a waiver of the issue. Just as in

1. Appellant concedes that the court could consider this testimony in determining Donna's testimonial competence.

the instant case, the victim in *McKinley* withstood thorough cross-examination by defense counsel, in that case to the jury's satisfaction, and this court ruled that counsel's failure to raise a timely objection before the child began to testify in the Commonwealth's case-in-chief constituted a waiver of the issue of competency. *Id.*, 181 Pa.Super. at 614–15, 123 A.2d 735. *Cf. Commonwealth v. Keysock*, 236 Pa.Super. 474, 478, 345 A.2d 767 (1975).

Appellant next argues that trial counsel was ineffective in failing to request further inquiry into Donna's competence before permitting her to testify in the Commonwealth's case-in-chief. We disagree.

The standard by which the effectiveness of counsel will be measured has been iterated and reiterated in the courts of this Commonwealth:

> "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

Our Supreme Court further explained in that case that "a finding of ineffectiveness could never be made unless we concluded *that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.*" *Id.*, 427 Pa. at 605, n. 8, 235 A.2d at 353. [Emphasis added.] Insofar as counsel's trial strategy was concerned, we cannot say that by failing to timely object to Donna's competence counsel neglected a tactic which carried a substantially greater potential for success than the course counsel actually utilized. It should be recalled that the instant case was tried without a jury, so that the trial judge was the finder of fact as well as the judge of the law. In the case of a witness more than fourteen years of age, it is well-established in Pennsylvania that the party seeking to challenge the competence of that witness to testify has the burden of proving the witness is not competent. *Commonwealth v. Collins*, 436 Pa. 114, 259 A.2d 160 (1969); *Common-*

*wealth v. Ault,* 228 Pa.Super. 353, 323 A.2d 33 (1974). See also 2 Henry, Pennsylvania Evidence § 790 (1953). Furthermore, since the reason for disqualifying a youthful or mentally impaired witness from testifying derives from the judges' distrust of the jury's ability to assay the credibility of such witnesses, the applicability of the rule has little place in non-jury trials. See McCormick, Law of Evidence § 62 (2d ed. 1972). That being the case, counsel's specific objection to the competency of Donna to testify as a matter of law, especially given the foundational testimony of Donna and her mother, would likely have been unavailing. On the other hand, the judge as fact-finder could determine that Donna's competency to testify was sufficiently questionable that appellant's guilt was not established beyond a reasonable doubt, since Donna's ability to observe, remember and recount affected her credibility. *Id.* at § 45. See *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974). Indeed, defense counsel vigorously explored these testimonial capacities in cross-examining Donna. Hence, as a matter of trial strategy counsel was certainly entitled to conclude that, if the trial judge would find Donna incompetent to testify as a matter of law based upon his voir dire, he would certainly conclude that her credibility was sufficiently questionable to raise a reasonable doubt as to appellant's guilt following cross-examination. Indeed, given the substantially greater burden of proof incompetency entails, the latter course had a greater chance for success. Hence, as a matter of trial strategy, counsel's failure to pursue further Donna's competency prior to her testifying did not represent the abandonment of a tactic which represented a substantially greater potential for success than the course counsel chose in this case. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687 (1977).

Finally, appellant contends that he is entitled to a new trial because the Commonwealth was not required to establish the date of the rape with greater certainty. Appellant maintains that he was thus denied due process of law under the Fourteenth Amendment of the Federal Constitution as

well as under Article I, Section 9 of the Constitution of this Commonwealth. Again, we disagree.

■■ It is well-established that the Commonwealth must show the date of an alleged offense with "reasonable certainty" in order to withstand a demurrer. *Commonwealth v. Devlin,* 460 Pa. 508, 333 A.2d 888 (1975); *Commonwealth v. Levy,* 146 Pa.Super. 564, 23 A.2d 97 (1972). However, as our Supreme Court noted in *Commonwealth v. Devlin,* 460 Pa. at 516, 333 A.2d at 892, due process is not reducible to a mathematical formula, and "we cannot enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly the Commonwealth need not always prove a single specific date of the crime." To be taken into consideration are such matters as the nature of the crime and the age and condition of the victim, vis a vis the rights of the accused. *Id.* See also *Commonwealth v. Devlin,* 225 Pa.Super. 138, 141, 310 A.2d 310 (1973) (Dissenting Opinion by Spaeth, J.). In *Commonwealth v. Devlin,* supra, the Supreme Court concluded that a fourteen-month span within which the crime might have taken place was so substantial a period of time that the burden placed upon the defendant was fundamentally unfair.

■ When the foregoing considerations are weighed in the instant case, the balance tips in favor of the Commonwealth. While there was some confusion concerning the date on which the rape took place, the testimony of the victim was that the offense occurred in the summertime approximately a week before her mother's birthday. This testimony was corroborated in part by the victim's testimony that she reported the incident to her sister-in-law approximately one week after it took place, and the testimony of her sister-in-law that this conversation occurred in either the first or second week of September. When we weigh the ambiguity of the testimony concerning the date of the offense against the mental retardation of the victim and her expressed fear in promptly reporting the incident to her

family,[2] we cannot conclude that the inexactitude in dating the rape was fundamentally unfair to the defendant. While it may be conjectured that the Commonwealth's failure to establish the date of the rape with precision could have precluded the defendant's proffering a credible alibi defense, because of the brevity of the incident the same could be said of the Commonwealth's failure to prove the hour of the day during which the rape took place. *Cf. Commonwealth v. Brandrup*, 244 Pa.Super. 144, 366 A.2d 1233 (1976). Once again, however, such precision of proof is not required and the standard is that the date of the offense only be proved with reasonable certainty. Taking into consideration all the circumstances in the instant case, we conclude that this standard has been met.

For the foregoing reasons, the judgment of sentence is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

2. It should also be recalled that appellant threatened Donna's life on several occasions after the rape.