425 A.2d 1145

**COMMONWEALTH of Pennsylvania**

v.

**John Edward STONER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 5, 1980.

Filed Feb. 13, 1981.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant, John Edward Stoner, Jr., files this direct appeal to our Court following his conviction, after a trial before a jury, on charges of statutory rape, involuntary deviate sexual intercourse, and corrupting the morals of a minor. He was represented at trial by privately retained defense counsel, who also filed post-trial motions. On this appeal, he is represented by the Dauphin County Public Defender. He raises several claims of error.

We will initially review Appellant's contention that the verdict was against the evidence and the weight of the evidence. Appellant's conviction resulted chiefly from the uncorroborated testimony of the twelve year old victim. Appellant argues that her testimony did not establish the essential elements of the crimes charged, and further, did not outweigh the contradictory evidence offered by several defense witnesses. We find no merit in such claims.

The evidence, read in a light most favorable to the Commonwealth [*Commonwealth v. Thomas*, 465 Pa. 442, 350 A.2d

847 (1976)], showed that the prosecutrix was a neighbor of the Appellant and his family. She accompanied them and some others to a vacant lot which the Appellant was then in the process of purchasing. The purpose of the trip, on an April evening in 1978, was to remove an inoperable vehicle from the lot. While at the site, the Appellant permitted the victim to consume several cans of beer. Late in the evening, the Appellant, his male friend and the victim walked to a nearby firehouse to use the bathrooms. The victim testified, in detail, that while she was in the building, the Appellant called her into the women's bathroom and told her to bend over the toilet. The victim then recited that the Appellant ". . . ate me out and had intercourse with me." The victim testified that the graphic description was the only way she knew how to explain what had occurred. The District Attorney requested a ruling from the court as to whether such testimony was "sufficient." The court indicated that it was, stating: ". . . we all understand what that means." Defense counsel made no objection but stated that the ". . . mere fact that [he was] not entering an objection [did] not mean that [he was] admitting." The victim also testified to other circumstances of the incident, which established that ejaculation had occurred. After the incident, the victim testified that the Appellant stated that he did not want her to report what had happened to anyone. The next day, he purportedly told her ". . . the next time he was going to use vasoline." The victim told her girlfriend about the incident the day after it occurred, and the friend reported it to her own mother, who in turn advised the victim's family of what had occurred. The Appellant and several defense witnesses testified that the victim had never been inside of the firehouse on the night in question.

We believe that the victim's testimony was sufficient to establish Appellant's guilt on the sexual crimes charged. In cases such as the instant one, the uncorroborated testimony of the victim, if believed by the trier of fact, is sufficient to support a conviction, despite contrary evidence from defense witnesses. See *Commonwealth v. McKinley,*

181 Pa.Super. 610, 123 A.2d 735 (1956); *Commonwealth v. Kettering*, 180 Pa.Super. 247, 119 A.2d 580 (1956). The jurors were simply not bound to accept the contrary testimony offered by defense witnesses. Thus, we reject Appellant's contentions regarding the weight and sufficiency of the evidence.

   ■   Next, the appellant argues that it was error for the trial court not to permit the Appellant's counsel to impeach a defense witness with purported prior inconsistent statements. The record shows that the defense offered several witnesses to testify that the victim did not enter the firehouse at the time of the alleged assault. Some defense witnesses testified that the group that visited the firehouse stayed there for approximately fifteen minutes. The witness in question testified that the group was at the building for about an hour.

The transcript of questions shows that defense counsel asked the witness the length of time he was at the firehouse. The witness replied: "Maybe about an hour." Defense counsel asked if it might have been two hours and the witness replied that it might have been that long. Defense counsel then inquired if it might have been ten minutes, but the court sustained a prosecution objection because the question was leading. Defense counsel responded that: "... the only purpose (sic) that I tried to lead him was because he made two inconsistent statements." Defense counsel then stated that he only asked the witness the question in an attempt to rehabilitate him. Counsel was thereafter permitted to ask the witness several additional questions concerning his certainty as to the amount of time which had been spent at the firehouse. Finally, the court requested that defense counsel discontinue cross-examining the witness.

We can discern no error in these circumstances. Defense counsel was permitted to ask several questions of the witness concerning his recollection of the time the group stayed at the site. The court was most reasonable in permitting those questions which were arguably proper, and only limit-

ed the defense from blatantly leading the witness or continuing to cross-examine him on the time issue. Throughout this colloquy, the witness repeated his belief that the group spent an hour at the firehouse. Any more questions on this point would merely have been repetitive to the extreme. We find no error in the limitations imposed on the inquiry by the lower court, which has broad discretion in such circumstances. See *Commonwealth v. Quartman*, 253 Pa.Super. 460, 385 A.2d 429 (1978). Contrary to the claims of the Appellant, no abuse of that discretion is apparent here.

The Appellant next contends that his trial counsel was ineffective in two particulars. The effectiveness of trial counsel should be raised in the first proceedings in which the defendant is represented by counsel other than the one whose stewardship is challenged. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). The Appellant has done so in this case where he is represented by new counsel for the first time on this appeal. In evaluating a claim of ineffective counsel, the guiding standard is that defense counsel's assistance is to be deemed effective if we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate the client's interests. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The test is not whether alternatives were available which were more reasonable, upon a hindsight evaluation of the record. Rather, the balance tips in favor of a finding of effectiveness if it is determined that trial counsel's decisions had any reasonable basis. *Commonwealth ex rel. Washington v. Maroney, Id.* If the record is insufficient to permit us to discern the particular basis for counsel's decision on any matter challenged as ineffective on a later appeal by the defendant, we must vacate the judgment of sentence and remand for an evidentiary hearing in the lower court. *Commonwealth v. Twiggs, supra.* If the lower court, after such a remand, concluded that counsel was ineffective, a new trial would be awarded. If, however, the assistance of trial counsel was

determined not to be ineffective, the judgment of sentence would be reinstated. Following such a decision, an appeal could be taken again to our Court. *Commonwealth v. Twiggs, supra.* Such a remand is not necessary when it is clear from the record that the actions or failures to act by counsel were either clearly ineffective, or the claims are devoid of merit. See *Commonwealth v. Wade,* 480 Pa. 160, 389 A.2d 560 (1978); *Commonwealth v. Ramsey,* 259 Pa.Super. 240, 393 A.2d 806 (1978). With these concepts in mind, we can address the Appellant's specific claims regarding his attorney's effectiveness.

Appellant contends that his counsel rendered ineffective assistance in failing to request a competency examination of the minor prosecutrix, and later in failing to object to the trial court's refusal to allow defense counsel to pose questions to the witness designed to probe her competency. The record shows that the twelve year old witness was given the oath and then testified in response to questions by the prosecuting attorney. No question regarding her competence was raised throughout her testimony on direct examination. The defense counsel, at the beginning of cross-examination, asked the witness: "What does it mean to tell the truth?" The witness responded: "I can't explain it." The prosecuting attorney suggested that the question be rephrased and the witness be asked what it meant to tell a lie. However, the lower court stated that the area of inquiry was improper at that point, and indicated that any question about her competency should have been raised earlier.

■■■ In general, an objection as to the competency of a witness to testify should be made *before* testimony is given if the incompetency is known, and if not, should be made as soon as it becomes apparent. *Commonwealth v. Barksdale,* 219 Pa.Super. 444, 281 A.2d 703 (1971). In any event, the determination of competency is for the court, and a trial judge has no obligation to order any investigation of competency unless he has some doubt in his own mind from having observed the witness. *Commonwealth v. Barksdale,* 219

Pa.Super. at 448, 281 A.2d at 705. A trial judge's determination of competence is not reviewable in the absence of a clear abuse of discretion. *Commonwealth v. Kosh*, 305 Pa. 146, 157 A. 479 (1932); *Commonwealth v. Bartell*, 184 Pa.Super. 528, 136 A.2d 166 (1957).

■ While the lower court did not address this issue in its opinion, as it was not included in post-trial motions or otherwise properly and timely raised in the lower court, it is certainly clear that the lower court considered the victim to be a competent witness. Our review of the entire record of testimony by that witness convinces us that the lower court committed no abuse of discretion in allowing her to testify as a competent witness. She testified in a lucid manner and was directly responsive to questions on both direct and cross-examination. Her testimony indicated an understanding of the significance of the trial and a recall of the events about which she was questioned.

■ In our view Appellant's counsel was not ineffective in failing to raise or preserve a competency challenge in the ways suggested on appeal by Appellant, because such a challenge would have been unavailing. See and compare *Commonwealth v. Speicher*, 259 Pa.Super. 433, 393 A.2d 904 (1978). The rule is well-established in Pennsylvania that the party seeking to challenge the competence of a witness has the burden of proving that the witness is not competent. *Commonwealth v. Ault*, 228 Pa.Super. 353, 323 A.2d 33 (1974); *Commonwealth v. Bartell, supra.* On appeal, in support of that burden, the Appellant points out a few instances where the victim arguably could be claimed to have had difficulty in explaining details in her testimony. Such problems were caused by the victim's reluctance or inability to explain in medically or legally precise terms the sexual acts which the Appellant subjected her to. An inability to describe such incidents in clinically precise detail is not unusual among victims of forcible sexual crimes, in the stress of the witness chair in a criminal trial. Effective cross-examination by defense counsel is often designed to create inconsistency or other uncertainties in a victim's

testimony. However, the testimony of the victim in this case, when reviewed as a whole, shows little in the way of such problems. The Appellant has not indicated a single instance which would create a serious doubt about the youthful victim's ability to explain her most unpleasant experience in a competent manner. Since we have no doubt about the issue of competency, we must therefore reject the Appellant's contention that his attorney was ineffective in not raising or properly preserving the issue for appeal.

■ Finally, the Appellant claims his trial attorney failed to render competent assistance because he failed to subpoena the medical doctor who examined the prosecutrix sometime after the criminal incident. The record shows that on rebuttal, the Commonwealth intended to call as its final witness the doctor who had performed the examination. The prosecuting attorney reported to the judge that the doctor could not be in court until later that day, and that the prosecuting attorney hoped to arrive at a stipulation with the defense as to the testimony which would be offered by that witness. However, defense counsel replied that he would prefer to cross-examine the doctor. The trial judge then stated that if there was no stipulation possible, he would not delay the trial for the doctor's testimony. The case was submitted to the jury a short time later and the doctor never testified.

■ The failure of a defense counsel to call a possible witness is not to be equated with a conclusion of ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. *Commonwealth v. Charleston*, 251 Pa.Super. 311, 380 A.2d 795 (1977). We could surmise that defense counsel did not seek to secure the testimony of the doctor because he would have been offering testimony favorable to the prosecution, rather than the defense. The record would permit one to reach such a conclusion only on the basis that the prosecuting attorney was the one who sought to call the doctor as a witness at the trial. We cannot decide the issue on the basis of such conjecture, however, and the record provides no clear evi-

dence upon which we could determine whether the testimony to be offered by that witness may have been helpful or harmful to the Appellant. Therefore, we must vacate the judgment of sentence and remand to the trial court for a hearing at which there shall be an inquiry of Appellant's trial attorney as to his reasons for not subjecting the doctor to subpoena to secure his testimony for the defense. Of course, the lower court may permit such other inquiry or hear such other witnesses as it determines may be necessary to resolve this particular issue of counsel's claimed ineffectiveness. If the lower court determines that defense counsel's failure to subpoena the doctor as a witness resulted in less than effective representation, a new trial shall be awarded. However, if it is found that counsel's assistance was not ineffective for failing to secure the physician as a witness, the judgment of sentence shall be reinstated. The parties may thereafter appeal the lower court's decision on the issue to our Court.

Judgment of sentence is vacated, and the case remanded for further proceedings consistent with this Opinion. Jurisdiction of this Court is not retained.