420 A.2d 751

**COMMONWEALTH of Pennsylvania**

v.

**Anthony Dominick CIOTTI, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed June 27, 1980.

Reargument Denied Sept. 5, 1980.

Petition for Allowance of Appeal Granted April 24, 1981.

William F. Scarpitti, Jr., Erie, for appellant.

Michael M. Palmisano, Assistant District Attorney, Erie, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

█ This is an appeal following a jury trial in which appellant was convicted of receiving stolen property. Appellant contends, *inter alia*, that trial counsel was ineffective for failing to object to remarks of the court clerk made during the poll of the jury.[1] We agree and, accordingly, reverse the judgment of sentence and remand for a new trial.

After the jury announced the verdict, trial counsel requested that the jury be polled. After the trial judge directed the court clerk to conduct the poll, the following occurred:

---

1. Appellant also contends that the Commonwealth did not sustain its burden of proving his guilt beyond a reasonable doubt because the Commonwealth's evidence was based solely on the testimony of accomplices. "[A] criminal conviction can be sustained solely on the basis of uncorroborated testimony of an accomplice." *Commonwealth v. Gordon*, 254 Pa.Super. 267, 271, 385 A.2d 1013, 1014 (1978). Thus, even assuming, *arguendo*, that the Commonwealth's evidence was based solely on accomplice testimony, this contention is without merit.

Appellant also argues that he is entitled to a new trial because the trial court erred in (1) refusing to give an accomplice instruction to the jury, and (2) limiting the cross–examination of a Commonwealth witness. Because of our disposition of this case, we need not resolve these issues.

CLERK OF COURTS: When I call your name, would you please stand and respond yes.

THE COURT: And remain standing until the jury is completely polled.

CLERK OF COURTS: Jimmie Hooker. You said you find the defendant guilty?

MR. HOOKER: I do.

CLERK OF COURTS: Dan Locke, you say you find the defendant guilty?

MR. LOCKE: I do.

CLERK OF COURTS: Pearl Adams, you say you find the defendant guilty?

MS. ADAMS: Yes, I do.

CLERK OF COURTS: John Teliski, you say you find the defendant guilty?

MR. TELISKI: Yes, I do.

CLERK OF COURTS: Dolores Theiss, you say you find the defendant guilty?

MS. THEISS: Yes.

CLERK OF COURTS: Jeffrey Donikowski, you say you find the defendant guilty?

MR. DONIKOWSKI: Yes.

CLERK OF COURTS: Mae Nupp, you say you find the defendant guilty?

MS. NUPP: Yes.

CLERK OF COURTS: Ormel Fitch, you say you find the defendant guilty?

MR. FITCH: Yes.

CLERK OF COURTS: Mary Thornton, you say you find the defendant guilty?

MS. THORNTON: Yes.

CLERK OF COURTS: Bethany Yosten, you say you find the defendant guilty?

MS. YOSTEN: Yes.

CLERK OF COURTS: Mirell Fiasco, you say you find the defendant guilty?

MR. FIASCO: Yes.

CLERK OF COURTS: Millicent Miller, you say you find the defendant guilty?

MS. MILLER: Yes.

■ "A criminal defendant who is tried before a jury can only be convicted by a unanimous verdict. To insure this right the accused is entitled to poll the jury to ascertain whether each juror concurs in the verdict." *Commonwealth v. Pemberton*, 256 Pa.Super. 297, 301, 389 A.2d 1132, 1134 (1978). *See also* Pa.R.Crim.P. 1120(f). In *Commonwealth ex rel. Ryan v. Banmiller*, 400 Pa. 326, 162 A.2d 354, cert. denied, 364 U.S. 852, 81 S.Ct. 99, 5 L.Ed.2d 76 (1960), our Supreme Court stated:

> The purpose of the poll is to give any juror, who may possibly have been under pressure from other members of the jury to acquiesce in the verdict, an opportunity to speak out and declare to the court that the verdict as announced by the foreman was not voluntarily joined in by the answering juror.

400 Pa. at 328, 162 A.2d at 355. *See also Commonwealth v. Martin*, 379 Pa. 587, 593, 109 A.2d 325, 327 (1974).

■ We conclude that the court clerk's remarks deprived appellant of his right to poll the jury. Certainly, the jurors could reasonably conclude from the clerk's remarks that they were expected to answer in the affirmative when asked if they found appellant guilty. Even the Commonwealth does not argue that when the clerk told the jurors to respond "yes," he merely was requesting each juror to acknowledge the calling of his name. The purpose of the jury poll—to provide each juror an opportunity to state that he or she did not voluntarily join in the verdict—was undermined in this case by the clerk's remarks. We must now determine whether appellant is entitled to a new trial because his trial counsel failed to object to the court clerk's remarks.[2]

2. Appellant's ineffectiveness claim is properly before us because he is represented by new counsel on this appeal. *See Commonwealth v. Hubbard*, 472 Pa. 259, 276 n.6, 372 A.2d 687, 695 n.6 (1977).

▮▮▮ In evaluating the effectiveness of counsel, we apply the following standard: "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). If we cannot determine from the record whether counsel had a reasonable basis for not pursuing a claim, then we must remand for an evidentiary hearing on that issue. *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977); *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

▮▮▮ Because the jury had reached its verdict before the court clerk's remarks, "the failure to object could [not] have been born of a reasonable, calculated trial strategy." *Commonwealth v. Hubbard, supra*, 472 Pa. at 285, 372 A.2d at 699. We therefore conclude that there could be no reasonable basis for counsel's failure to object to the court clerk's remarks. Moreover, because trial counsel's ineffectiveness is apparent from the record, there is no need to remand for an evidentiary hearing.

Judgment of sentence reversed and case remanded for a new trial.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully dissent from the majority's holding that the defense trial attorney rendered constitutionally ineffective assistance of counsel for failing to object to the language used by the Court clerk in polling the jury. The clerk in taking the poll addressed the panel of jurors as follows:
"When I call your name would you please stand and respond yes."
He then addressed each individual juror by name as follows: "_____ you said you find the defendant guilty?"

The majority's opinion holds that the jurors could reasonably have felt that they were being coerced into convicting

the appellant when, after responding in unison that they had found him guilty, they were told by the clerk to respond "yes" in an individual poll of their verdict. This theory defies common sense.

The first two jurors responded to the clerk's direct interrogation, (which itself was clear and without question free of any coercive meaning) saying "I do". They did not say "yes". This alone shows that the jurors were not coerced or intimidated by the language used by the clerk.

Read in context with the instructions given by the trial judge prior to sending the jury out to deliberate, this manner of interrogation by the clerk becomes trivial. The court instructed the jury as follows,

"Now, your verdict, this being a criminal case, your verdict must be unanimous. In other words, all twelve of you jurors must concur and agree upon the verdict that you reach. Any verdict returned that did not have the unanimous consent and approval of all of you would not be a proper verdict, would not be accepted by this Court. When you have reached your verdict—and the verdict slip, which will be taken out with you, reads as follows: We the jury impaneled and sworn to try the issue joined between the Commonwealth of Pennsylvania and Anthony Dominick Ciotti find the defendant—and then on reaching your verdict, the foreman will fill out the verdict slip either guilty or not guilty as the case may be. The foreman or forelady will then affix their signature, date the verdict slip as of this date.

Now, members of the jury, I join with both counsel in asking you to uphold your oath as good jurors to decide the case solely and alone upon the testimony produced here on the witness stand leaving any impression that you may have reached outside the courtroom aside, leaving any passion or prejudice or bias or sympathy behind you. Assess and evaluate the testimony and reach your decision solely upon that basis."

To hold that a jury, which had been sworn to render a fair verdict on the evidence, and had been carefully instructed on their duties by the trial judge, could reasonably have believed that at the last minute the court had decided as claimed by the defendant, to railroad the defendant to jail, is farfetched. A careful reading of the notes of testimony discloses no attempt to railroad the appellant but on the contrary shows the court handled the entire trial in a fair and impartial manner. To make an objection to the manner of taking the poll of the jury based upon such an insignificant bit of phraseology might well persuade a juror who intended to respond in the negative in answer to the clerk to change his response to some affirmative reply. Counsel had a reasonable basis designed to effectuate his client's interest by not objecting to the poll. His course of conduct was not constitutionally ineffective.

I would affirm the judgment of sentence.