436 A.2d 983
COMMONWEALTH of Pennsylvania, Appellant,

v.

Anthony Dominick CIOTTI, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 17, 1981.
Decided Oct. 29, 1981.

234

Michael J. Veschecco, Dist. Atty., Shad Connelly, Asst. Dist. Atty., Erie, for appellant.

William F. Cercone, Jr., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

KAUFFMAN, Justice.

The Commonwealth challenges an order of the Superior Court which reversed the judgment of sentence of appellee, Anthony Dominick Ciotti, for receiving stolen goods and remanded for a new trial. *Commonwealth v. Ciotti,* 279 Pa.Super. 75, 420 A.2d 751 (1980). The sole issue for review is whether appellee's trial counsel was ineffective in failing to object to one remark made by the court clerk during a poll of the jury.

The trial transcript reveals that, after the jury completed its deliberations and returned to the courtroom to report its verdict, the following occurred:

"CLERK OF COURTS: Ladies and gentlemen of the jury, have you reached a verdict?

THE FOREMAN: We have.

(The Clerk of Courts received the verdict from the foreman and showed it to the Judge.)

CLERK OF COURTS: As to your verdict in the issue joined between the Commonwealth of Pennsylvania and the defendant, Anthony Ciotti, you say you find the defendant guilty, so say you all.

THE JURY: I do.

[DEFENSE COUNSEL]: May we have a poll of the jury, your Honor?

THE COURT: All right. . . .

CLERK OF COURTS: When I call your name, would you please stand and respond yes.

THE COURT: And remain standing until the jury is completely polled.

CLERK OF COURTS: Jimmie Hooker. You said you find the defendant guilty?

MR. HOOKER: I do.

CLERK OF COURTS: Dan Locke, you say you find the defendant guilty?

MR. LOCKE: I do.

CLERK OF COURTS: Pearl Adams, you say you find the defendant guilty?

MS. ADAMS: Yes, I do.

CLERK OF COURTS: John Teliski, you say you find the defendant guilty?

MR. TELISKI: Yes, I do.

CLERK OF COURTS: Dolores Theiss, you say you find the defendant guilty?

MS. THEISS: Yes.

CLERK OF COURTS: Jeffrey Donikowski, you say you find the defendant guilty?

MR. DONIKOWSKI: Yes.

[Jurors Seven through Twelve similarly responded "Yes" to the clerk's question, "[Name of particular juror], you say you find the defendant guilty?."]

THE COURT: All right, members of the jury, you may be seated. I want to take this opportunity to thank you for your long deliberation. I know you certainly gave this every consideration, and I might add that I believe that your verdict was justified by the evidence, so you need have no qualms about that whatsoever."

N.T. 408–412.

The court subsequently denied trial counsel's post-trial motions and sentenced appellee to 2½ to 5 years imprison-

ment. Appellee retained new counsel and filed an appeal from the judgment of sentence, alleging, *inter alia*, that trial counsel was ineffective for failing to object to the court clerk's remark to the jury during the poll.[1]

The Superior Court, concluding that trial counsel's ineffectiveness was apparent from the record, reversed the judgment of sentence and remanded for a new trial. Holding that the jurors could reasonably have concluded from the clerk's remark that they were expected to answer in the affirmative when asked if they found appellee guilty, the court concluded that "there could be no reasonable basis for counsel's failure to object to the court clerk's remarks." 279 Pa.Super. at 79, 420 A.2d at 752–53.[2] This appeal by the Commonwealth followed. We granted allocatur, and now vacate the order of the Superior Court.[3]

It is axiomatic that failure to raise a meritless claim cannot render counsel ineffective. Thus, in evaluating appellee's claim of ineffective assistance of counsel, we must first determine whether an objection to the clerk's remark would have been of arguable merit:

> The initial factor which must be considered . . . is whether the claim which post-trial counsel is charged with *not* pursuing had some reasonable basis. . . . It is only when the claim which was foregone was of arguable merit that we must make an inquiry into the basis for . . . counsel's decision not to pursue the matter.

*Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977) (Emphasis supplied). Because we are

1. Appellee argues that the clerk's instructions prohibited any response other than affirmance of the verdict.

2. Because its reversal was grounded solely on trial counsel's ineffectiveness, the Superior Court found it unnecessary to reach appellee's additional contentions that the trial court erred in (1) refusing to give an accomplice instruction to the jury, and (2) limiting the cross-examination of a Commonwealth witness. *Commonwealth v. Ciotti, supra*, 279 Pa.Super. at 77 n.1, 420 A.2d at 752 n.1.

3. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, Act of Oct. 5, 1980, P.L. 693, No. 142, § 402(a), 42 Pa.C.S.A. § 724(a).

convinced that the jurors here voluntarily and unequivocally assented to the verdict in direct response to a clear and unambiguous question individually submitted to each of them, an objection by trial counsel to the jury poll would have been manifestly futile. *See Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974) (counsel will not be held ineffective for failing to perform a futile act).

 It is, of course, true that the right of an accused to poll the jury provides a fundamental guarantee that each juror voluntarily has joined in the verdict as written and previously announced. *Commonwealth v. Martin,* 379 Pa. 587, 592–93, 109 A.2d 325, 325–26 (1954). The words used in the polling, however, are not necessarily determinative of the poll's validity. The court must also consider "[t]he demeanor and appearance of the juror[s] as well as all of the surrounding circumstances" to determine "whether their answers do clearly indicate the assent of their individual minds." *Commonwealth ex rel. Ryan v. Banmiller,* 400 Pa. 326, 331, 162 A.2d 354, 356 (1960), *cert. denied,* 364 U.S. 852, 81 S.Ct. 99, 5 L.Ed.2d 76 (1960).[4]

In the present case, the *total circumstances* of the polling resolve all doubts as to the jurors' voluntary assent to the verdict, and render the results of the poll unimpeachable. Indeed, the jurors' actual answers refute appellee's contention that they mistakenly believed that they were being instructed to voice a perfunctory "yes" response. Although the clerk did initially misspeak, "When I call your name, please stand and respond yes," this remark must be read in context. Each of the jurors was thereafter individually asked whether he or she found the defendant guilty. The first two responded "I do," rather than "Yes." Similarly, jurors Three and Four responded "Yes, I do." Although the final eight jurors simply responded "Yes", their reply was directly to the clerk's plain and simple question, "[Name of particular juror], you say you find the defendant guilty?."

---

**4.** The purpose of a jury poll is to provide any juror the opportunity to declare that he or she did not voluntarily join in the verdict as announced. *Id.,* 400 at 328, 162 A.2d at 355.

Thus, none of the responses was a perfunctory "yes" even arguably resulting from a belief that the clerk's instruction had prohibited any other response.[5]

Moreover, the trial court's instructions to the jury emphasized each juror's duty to reach a verdict based solely on the trial testimony:

> Now, your verdict, this being a criminal case, your verdict *must be unanimous.* In other words, all twelve of you jurors *must concur and agree* upon the verdict that you reach. Any verdict returned that did not have the *unanimous consent and approval* of all of you would not be a proper verdict, would not be accepted by this Court.
>
> . . . Now, members of the jury, I join with both counsel in asking you to uphold your oath as good jurors to decide the case *solely and alone upon the testimony produced here* on the witness stand leaving any impression that you may have reached outside the courtroom aside, leaving any passion or prejudice or bias or sympathy behind you. Assess and evaluate the testimony and *reach your decision solely upon that basis.*

N.T. 393–94 (Emphasis supplied). As Judge Van der Voort cogently stated in his dissent below, "Read in context with the instructions given by the trial judge prior to sending the jury out to deliberate, [the] manner of interrogation by the Clerk becomes trivial. . . ." *Commonwealth v. Ciotti,* 279 Pa.Super. at 81, 420 A.2d at 754. *See also Commonwealth v. Parks,* 273 Pa.Super. 506, 522, 417 A.2d 1163, 1171 (1979) (trial court's cautionary instruction to the jury was a proper fact in evaluating the validity of the jury poll).

We are here confronted with the following undisputed facts: (1) the trial judge specifically instructed the jury that their verdict must be unanimous and based solely on the

---

5. In *Commonwealth ex rel. Ryan v. Banmiller, supra,* we rejected a challenge to the jury poll grounded on the contention that two jurors read their answers from the verdict slip, and one was actually instructed by the trial judge to read, "[j]ust the lower part." Considering all the surrounding circumstances, we affirmed the conclusion that the jurors had adequately manifested their individual assent to the verdict.

testimony adduced at trial; (2) the written verdict was read in open court and assented to by the jury as a group; (3) each juror thereafter was asked individually if he or she found the defendant guilty; and (4) both trial counsel and the trial judge were satisfied that each juror had voluntarily assented to the verdict. Under the totality of the circumstances, any possibility that the clerk's remark resulted either in confusion or intimidation was so remote that an objection to the jury poll would have bordered on the frivolous. We therefore conclude that the jury poll clearly served its purpose and that counsel's failure to object was not ineffective.

Accordingly, we vacate the order of the Superior Court and remand for disposition of the remaining issues raised by appellee.

ROBERTS, J., concurs in the result.

LARSEN, J., notes a dissent and would affirm the order of the Superior Court.