447 A.2d 303

**COMMONWEALTH of Pennsylvania**

v.

**David FIORI, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1982.

Filed June 25, 1982.

---

W. Robert McClenahan, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant, David Fiori, was convicted of simple assault[1], and sentenced on October 28, 1980, to one year probation and ordered to pay restitution. Appellant retained new counsel, who filed with the trial court a motion for new trial *nunc pro tunc* and a motion for withdrawal of guilty plea. On October 27, 1980, these motions were denied. On November 20, 1980, appellant filed notice of appeal to this Court in the Court of Common Pleas of Allegheny County. On December 29, 1980 and January 14, 1981, the trial court issued orders for an evidentiary hearing to be held on appellant's claim of ineffective assistance of trial counsel. These evidentiary hearings were not held.[2] On August 28, 1981, the trial court issued a second order and opinion in support of that order denying appellant's motions for new trial and in arrest of judgment. On January 30, 1981, appellee (the Commonwealth) filed with this court a petition to remand for an evidentiary hearing concerning the ineffectiveness of trial counsel.[3] On February 27, 1981, a per curiam order was entered by this court denying the petition to remand for an evidentiary hearing.

Appellant's main contention on appeal is that the trial court erred for failure to conduct an evidentiary hearing to determine his allegations of ineffective assistance of trial counsel. Appellant additionally raises four specific allegations of ineffectiveness of trial counsel, that is, trial counsel was ineffective for: 1) failing to present the defense of

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2701.

2. Pa.R.A.P. 1701(a) provides:
   except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter. Therefore, the reason for the non-occurrence of these evidentiary hearings is that the notice of appeal was docketed in the trial court, and the trial court no longer had jurisdiction over this matter.

3. Appellate counsel was in favor of the Commonwealth's petition to remand for an evidentiary hearing. The Commonwealth asserts that the trial record is inadequate to assess appellant's claim of ineffective assistance of trial counsel.

justification, 2) failing to request an order for sequestration of Commonwealth witnesses, 3) failing to request a jury trial and advising appellant to proceed to trial without a jury, and 4) not advising appellant of an agreement entered into with the Commonwealth which resulted in an adjudication of guilt of simple assault.

Appellant was initially charged with aggravated assault.[4] Appellant waived his right to a jury trial by a signed waiver dated July 14, 1980. Trial commenced non-jury on that date. During the direct testimony of the victim, Gary Hagen, the trial court called for an in-chambers conference with both counsel. This conference was held off the record. After this conference was held, the proceedings resumed in open court. The Commonwealth rested its case, trial counsel stated that he had nothing further to present, and also rested his case. The trial court then adjudicated appellant guilty of simple assault.

As previously stated, appellant's main contention is that the trial court erred for its failure to conduct an evidentiary hearing to determine the allegations of ineffective assistance of trial counsel. Initially, we note our standard of review as set forth in *Commonwealth v. Crawford*, 285 Pa.Super. 169, 427 A.2d 166, 171 (1981):

Our task in cases of this nature . . . encompasses an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record . . . the balance tips in favor of a finding of effective assistance as soon as

4. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 2702.

it is determined that trial counsel's decisions had any reasonable basis. Citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–5, 235 A.2d 349, 352–3 (1967).

If we cannot determine from the record whether counsel had a reasonable basis for not pursuing a claim, then we must remand for an evidentiary hearing on that issue. *Commonwealth v. Ciotti*, 279 Pa.Super. 75, 80, 420 A.2d 751, 753 (1980).

We cannot determine from the record before us whether trial counsel was ineffective for: 1) failing to present the defense of justification, 2) failing to request an order for sequestration of Commonwealth witnesses, 3) failing to request a jury trial and advising appellant to proceed to trial without a jury, and 4) not advising appellant of an agreement entered into with the Commonwealth which resulted in an adjudication of guilt of simple assault. Appellant argues that this agreement was not a voluntary, knowing and intelligent waiver of his rights.

Therefore, an evidentiary hearing is needed to supplement the record. At this hearing, an inquiry must be made into the reasons of trial counsel which underlined the decisions which he made at trial. *See Commonwealth v. Stoner*, 284 Pa.Super. 364, 425 A.2d 1145, 1150 (1981).

Judgment of sentence is vacated, and the case remanded for an evidentiary hearing to determine the effectiveness or ineffectiveness of trial counsel. Jurisdiction of this Court is not retained.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting:

I respectfully dissent. The lower court (per CAPPY, J.) correctly stated the case and authored an unerring analysis of the issues herein presented. I, therefore, would affirm on the basis of the lower court's opinion.