J-S15025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOVELL A. RODGERS | : | |
| | : | |
| Appellant | : | No. 2163 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Monroe County
Criminal Division at CP-45-CR-0001204-2018

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                        **FILED JUNE 14, 2022**

Lovell A. Rodgers, (Appellant), appeals from the judgment of sentence imposed after a jury convicted him of 17 counts:  one count each of dealing in proceeds of unlawful activities, criminal conspiracy, and corrupt organizations; four counts of theft by unlawful taking; and ten counts of tampering with public records or information.[1]  Upon review, we affirm on the basis of the trial court's well-reasoned opinion.

Appellant's convictions resulted from his actions, with co-conspirators,[2] in defrauding Pennsylvania's Workforce and Economic Development Network

---

[1] 18 Pa.C.S.A. §§ 5111(a)(1), 903(e), 911(b), 3921(a), and 4911(a)(2).  The jury found Appellant not guilty of one count of theft by unlawful taking and four counts of tampering with public records.

[2] The co-conspirators entered guilty pleas.  **See** Commonwealth Brief at 2.

(WEDnet). WEDnet is a state-funded program that reimburses manufacturers and technology companies for employee training.

The trial court recounted the details of Appellant's criminal activity, which arose from Appellant using a dormant corporation he formed to revive "the well-oiled WEDnet scam" of one of his co-conspirators. **See** Trial Court Opinion, 1/20/22, at 9-14. The WEDnet program specifically excludes restaurants and retail employers. Appellant owned a restaurant, and used his dormant corporation (with no revenue or employees) to "submit fake invoices to WEDnet for training that never occurred." **Id.** at 12. In return, "Appellant received fraudulent training reimbursement from WEDnet, deposited the funds into the [dormant] corporate account, then distributed same to support the Restaurant and himself." **Id.** at 13.

The Commonwealth charged Appellant with the aforementioned crimes, and a jury trial was held in July 2021. After the foreperson read the verdict, Appellant's counsel requested the trial court "poll the jury, Your Honor, on individual counts." N.T., 7/14/21, at 242. Noting that there were a total of 22 counts, the court asked, "Any problem if I poll them as to the entire verdict one at a time as opposed to each count?" **Id.** at 243. Appellant's counsel responded, "I need them to be individually polled." **Id.** The Commonwealth objected. The court then polled each juror individually as to the 22-count verdict. **Id.** at 243-50.

On September 20, 2021, the trial court sentenced Appellant to an aggregate 2-5 years of incarceration, followed by 3 years of probation. Appellant filed a timely notice of appeal and concise statement of errors pursuant to Pa.R.A.P. 1925. Appellant raises the following two issues:

[1.] Is the evidence sufficient to convict [Appellant] of the offense of tampering with public records, 18 Pa.C.S.A. § 4911?

[2.] Did the trial court err by denying [Appellant's] timely request for individual polling of the jury?

Appellant's Brief at 5.

In his first issue, Appellant challenges the sufficiency of the evidence underlying his convictions of ten counts of tampering with public records. Appellant's Brief at 24-33. In his second issue, he challenges the manner in which the trial court polled the jury. *Id.* at 33-42.

With respect to sufficiency,

The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ... [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

***Commonwealth v. Edwards***, 177 A.3d 963, 969-70 (Pa. Super. 2018) (citations omitted).

A person is guilty of tampering with public records if he:

- 3 -

(1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;

(2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection[.]

18 Pa.C.S.A. § 4911(a)(1) and (2).

Concerning the trial court's polling of the jury, a criminal defendant has an absolute right to poll the jury to ascertain that each juror voluntarily joined the verdict. *Commonwealth v. Rush*, 838 A.2d 651, 660 (Pa. 2003); Pa.R.Crim.P. 648(B) and (G) (jury verdicts and polling). In reviewing a claim that the trial court's method of polling the jury was defective, we examine the totality of the circumstances to establish the validity of the polling and determine whether each juror voluntarily agreed to the verdict. *Commonwealth v. Ciotti*, 436 A.2d 983, 985-86 (Pa. 1981).

After careful review of the record, we find no merit to Appellant's issues. The Honorable Jonathan Mark, sitting as the trial court, has authored a factually and legally comprehensive opinion. *See generally*, Trial Court Opinion, 1/20/22, at 1-20. As the January 20, 2022 opinion properly addresses Appellant's issues, we adopt and incorporate it in this decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2022